Joyce MICHAELS, Plaintiff–Appellant,

v.

Larry G. MASSANARI,* Acting Commissioner of Social Security, Defendant–Appellee.

No. 99–35942.

D.C. No. CV–98–5270–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2001.

Decided Aug. 8, 2001.

---

* Larry G. Massanari is substituted for Kenneth S. Apfel, Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

ing physician and examining psychologists, as well as the lay testimony of Michaels's brother. Because of these errors, we vacate the decision of the district court with instructions to remand to the ALJ for reconsideration of the evidence under the proper legal standards.

## I.

We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court's order upholding the Commissioner's denial of benefits is reviewed de novo. *Harman v. Apfel,* 211 F.3d 1172, 1174 (9th Cir. 2000). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.1995). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999).

## II.

Central to the ALJ's decision was his determination that Michaels's own testimony alleging, *inter alia,* extreme chronic shoulder pain, dizziness, depression and agoraphobia was not credible. The ALJ based this determination in part on his belief that "[t]he medical evidence does not reflect objective abnormalities to account *for the extreme limitations testified to."* (emphasis added). In addition, the ALJ found that "[t]he claimant's subjective complaints are highly exaggerated, inconsistent with objective medical findings, course of treatment, medication, and activities, and are not credible *to the extent alleged."* (emphasis added). Accordingly, the ALJ concluded that "lack of motivation to work and preoccupation with obtaining

Before B. FLETCHER, BRUNETTI and FISHER, Circuit Judges.

### MEMORANDUM **

Appellant Joyce Michaels appeals from the denial in March 1996 of her application for Social Security disability and supplemental benefits. Because the parties are familiar with the facts surrounding this case, we do not repeat them here.

In essence, we find that the Administrative Law Judge ("ALJ") erred as a matter of law in rejecting Michaels's subjective testimony concerning her pain and other symptoms under an improper legal standard. The ALJ's conclusion that Michaels was not credible subsequently colored his analysis of the opinions of Michaels's treat-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

income without the necessity of working" were the primary factors underlying Michaels's disability application.

Significantly, however, a claimant need not produce evidence of pain other than her own subjective testimony. *Smolen v. Chater,* 80 F.3d 1273, 1282 (9th Cir.1996). Nor must a claimant present objective medical evidence of a causal relationship between the impairment and the type of symptom. *Id.; see also Johnson v. Shalala,* 60 F.3d 1428, 1433 (9th Cir.1995) ("[O]nce an impairment is medically established, the ALJ cannot require medical support to prove the *severity* of the pain."). Rather, the claimant need only "produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan,* 947 F.2d 341, 344 (9th Cir.1991) (en banc) (internal quotations omitted). This approach reflects our recognition of the "highly subjective and idiosyncratic nature of pain and other such symptoms," *Smolen,* 80 F.3d at 1282, such that "[t]he amount of pain caused by a given physical impairment can vary greatly from individual to individual." *Id.* (internal quotations omitted).

Put another way, "[a]n individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." Social Security Ruling ("SSR") 96–7p.[1] Rather, a claimant is only required to demonstrate two things: "(1) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce *some degree of* symptom." *Smolen,* 80 F.3d at 1282 (emphasis added); *see also* SSR 96–3p.

We find that Michaels met this part of her burden because she introduced objective medical evidence of shoulder and back impairments that could reasonably cause some degree of pain.[2] Although the ALJ was permitted to ask whether it was reasonable to believe that Michaels's impairment could lead to her "kind" of pain, he could not ask whether the impairment could lead to her "level" of pain. The ALJ engaged in the latter, forbidden analysis. Thus, we find that the ALJ committed legal error.[3]

The principal reason cited by the ALJ for finding Michaels "not credible" was the lack of objective medical evidence to support the extent of her subjective pain testimony. In turn, the ALJ's adverse credibility determination infected his evaluation of the rest of the record. Critically, due in

---

1. The Secretary issues SSRs to clarify the Secretary's regulations and policy. *Bunnell,* 947 F.2d at 346 n. 3. Although SSRs do not have the force of law, because they represent the Secretary's interpretation of its regulations, we defer to them. *Id.* These rulings are especially relevant because they are binding on all components of the Social Security Administration. 20 C.F.R. § 402.35. We will not, however, uphold them if they are inconsistent with the statute and regulations. *Bunnell,* 947 F.2d at 346 n. 3.

2. In rendering his decision, the ALJ, himself, found that Michaels suffered from "severe

degenerative disc disease of the cervical spine, obesity, personality disorder NOS, with passive aggressive and historionic traits, diagnosis of somatoform disorder, with chronic pain and complaint of dizziness/vertigo, mild dysthymia, and is status [sic] post remote bilateral carpal tunnel release, with *no significant residuals."*

3. The district court noted this apparent misstatement of law on the ALJ's part, but concluded that the ALJ had otherwise cited sufficiently clear and convincing reasons in the record to justify rejecting Michaels's testimony.

large part to his rejection of Michaels's testimony, the ALJ proceeded to improperly reject the diagnoses of Michaels's treating physician, Dr. Jade; two examining psychologists, Drs. Regets and Trowbridge; as well as the lay testimony of Michaels's brother, Gary Mattix.

Because the ALJ based his rejection of Dr. Jade's diagnosis largely on his improper credibility assessment of Michaels, his decision was not supported by substantial evidence. Furthermore, because the ALJ erred as a matter of law, we accept the entirety of Dr. Jade's opinion as true. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995) ("Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law.") (internal quotation marks omitted). Significantly, although Dr. Jade did not find Michaels to be incapable of working, the fact that his recommended restrictions (e.g., a low-stress environment) were discredited by the ALJ requires that we remand for new Step 3, 4 and 5 determinations incorporating these considerations.

In addition, the ALJ's selective rejection of Dr. Regets's diagnosis was also based largely on his improper discrediting of Michaels's testimony. Accordingly, the ALJ's decision is not supported by clear and convincing reasons. *See Lester*, 81 F.3d at 830 ("[T]he Commissioner must provide 'clear and convincing' reasons for

rejecting the uncontradicted opinion of an examining physician."). Because the ALJ failed to apply the correct legal standard, we accept the entirety of Dr. Regets's opinion as true. *Id.* at 834. Hence, Dr. Regets's findings with respect to Michaels's marked limitations in dealing with supervisors must be factored into new Step 3 through 5 determinations on remand.

Similarly, with respect to the report of another examining psychologist, Dr. Trowbridge, the ALJ again improperly rejected his findings in part because they were based on Michaels's discredited subjective complaints. Accordingly, Dr. Trowbridge's findings should now be accepted as true and incorporated into any subsequent Step 3, 4 and 5 determinations.[4]

■ Finally, with respect to the lay testimony of Gary Mattix, we note that an ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Moreover, pursuant to *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.1993), an ALJ is obligated to give reasons germane to a lay witness's testimony before discounting it. Here, while claiming to recognize that "[t]he testimony of lay witnesses cannot be discounted solely because the claimant is found not credible," the ALJ refused to credit Mattix's testimony on the ground that it was "not supported by medical evidence." In the

---

**4.** Michaels correctly argues that to the extent that the ALJ cited the lack of supporting clinical or laboratory findings as grounds for rejecting the diagnoses of Drs. Regets and Trowbridge, he was required to conduct further inquiries to clarify these issues. *See* 20 C.F.R. § 404.1512(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does

not appear to be based on medically acceptable clinical or laboratory diagnostic techniques."); SSR 96–2p ("[T]he ALJ ... may need to consult a medical expert to gain more insight into what the clinical signs and laboratory findings signify in order to decide whether a medical opinion is well-supported or whether it is not inconsistent with other substantial evidence in the case record."). The ALJ failed to do comply with these regulations, and this constitutes additional legal error in rejecting these opinions.

process, the ALJ implicitly discredited Mattix's testimony because Mattix had accepted his sister's complaints at face value, which (as noted above) the ALJ improperly rejected. Furthermore, in reasoning that Mattix's testimony was not supported by medical evidence, the ALJ essentially reiterated his basis for discrediting Michaels's testimony. We find that these do not constitute reasons sufficiently germane to Mattix to justify rejecting his testimony.

To be sure, the ALJ correctly noted the existence of other medical diagnoses less favorable to Michaels's disability application, as well as the fact that Michaels has never engaged in vocational rehabilitation or mental health counseling, does not abide by a prescription medication regimen, and had not (as of the hearing) undergone surgery for her physical impairments. We also note that no medical professional has ever affirmatively concluded that Michaels is disabled for SSI purposes. Accordingly, we decline to find Michaels eligible for benefits at this time. However, because the ALJ clearly erred as a matter of law in evaluating much of this evidence, we vacate the district court's decision and direct a remand to the ALJ for new Step 3, 4, and 5 determinations.

VACATED WITH DIRECTION TO REMAND.