Halray HARMAN, Plaintiff–Appellant,

v.

Kenneth S. APFEL, Commissioner of the Social Security Administration, Defendant–Appellee.

No. 98–35780.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 1999.

Filed Feb. 17, 2000.

Amended May 4, 2000.

Tim Wilborn, Tucson, Arizona, for the plaintiff-appellant.

Victoria Blais, Assistant Regional Counsel, Social Security Administration, Seattle, Washington, for the defendant-appellee.

Before: CANBY, and T.G. NELSON, Circuit Judges, and FOGEL,[1] District Judge.

**ORDER**

The Opinion filed February 17, 2000, slip op. 1915, and appearing at 203 F.3d 1151 (9th Cir.2000), is amended as follows:

At slip op. 1922, delete the first paragraph under "II" up to footnote "4" and replace with the following:

It is settled law that a district court's decision to affirm, reverse or modify a determination of the Social Security Administration is reviewed *de novo* on appeal. *Ramirez v. Shalala*, 8 F.3d 1449, 1451 (9th Cir.1993). We also review *de novo* a district court's determination to remand a case to the Commissioner.

Once that determination is made, however, the Social Security Act does not address explicitly the degree to which a court of appeals should defer to a district court's separate and distinct determination whether the remand should be for further proceedings or for immediate payment of benefits, nor has the issue been addressed in a published opinion in this circuit.[4].

With these amendments, the panel has voted unanimously to deny the petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED.

**OPINION**

FOGEL, District Judge:

Today we hold that when a district court remands a disability benefits case to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g), its decision whether such a remand is for further proceedings or for an immediate payment of benefits is reviewable for abuse of discretion rather than *de novo*. Applying that standard to the facts presented by this appeal, we conclude the district court did not abuse its discretion by remanding Appellant's disability claim to the Social Security Administration for further proceedings rather than for immediate payment of benefits, and we affirm the judgment of the district court.

I

*A. Procedural History*

Appellant applied for Title II Social Security disability insurance benefits and Ti-

1. The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

tle XVI Supplemental Security Income on April 20, 1994. After the denial of his initial application and denial upon reconsideration, Appellant was granted a hearing before an administrative law judge (the "ALJ") on February 28, 1996. On June 25, 1996, the ALJ issued a Notice of Decision ("ALJ Decision") which found that Appellant was severely impaired but not disabled, and thereby not entitled to benefits, because he retained sufficient residual functional capacity to guard the gate "at a mill or plant" or assemble small products.[2] On August 28, 1997, the Appeals Council denied Appellant's request for review.

On May 7, 1998, the district court reversed the ALJ Decision, identifying several errors, including, *inter alia,* the ALJ's unjustified rejection of the testimony of Appellant's treating physician, Dr. Fox.[3] The district court remanded the matter for further proceedings so that the identified shortcomings of the ALJ Decision could be addressed. Appellant moved for amendment of the district court's order, arguing that the court's findings mandated an immediate award of benefits. The district court denied Appellant's motion on July 7, 1998, and this appeal followed.

### B. Appellant's Disability

Appellant was born November 20, 1948. At the hearing before the ALJ, vocational expert Jenipher Gaffney classified Appellant's past work experience as being that of a "carpenter, which is ... medium skilled work." Appellant's most recent employment, according to his own testimony at the hearing, was a job building "clean rooms" in an "electronic plant" in the spring of 1991. The job lasted about one month and terminated because the project was completed. Appellant claims that he has been disabled since March 1, 1991, a date which roughly coincides with the termination of his most recent employment.

Appellant's impairment is described in the ALJ Decision as "a somatoform disorder, fibromyalgia and nocturnal myoclonus." The ALJ goes on to note that "Mr. Harman's impairments impose limitations on his ability to perform work-related functions and are 'severe.'" According to Appellant, his impairments manifest themselves through a wide range of inconveniences which are difficult to forecast from one day to the next but which include the following: inability to achieve deep sleep due to the myoclonus (leg twitching); inability to sit in one place more than twenty minutes without suffering back pain and a "splitting headache"; inability to stand still for twenty minutes without incurring a "fair chance [of] fall[ing] upon trying to move"; inability to locomote without a cane or other support; and difficulty lifting, grasping and stooping. Appellant claims that about fifty percent of his days are "bad," and that on bad days he "consider[s] it a significant accomplishment to make it from [his] bed to the toilet and back."

## II

It is settled law that a district court's decision to affirm, reverse or modify a determination of the Social Security Administration is reviewed *de novo* on appeal. *Ramirez v. Shalala,* 8 F.3d 1449, 1451 (9th Cir.1993). We also review *de novo* a district court's determination *to* remand a case to the Commissioner. Once

---

**2.** The determination as to whether a claimant has a disability involves a five step inquiry. 20 C.F.R. § 404.1520. The answer at any stage of the analysis may be conclusive as to the lack of disability, in which case the inquiry terminates at that point. *Id.* The final step in the analysis is to assess the claimant's Residual functional capacity, with the burden being upon the Commissioner to show that the claimant can still perform work available in the national economy. *Smolen v. Chater,* 80 F.3d 1273, 1291 (9th Cir.1996); 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520.

**3.** The district court noted that "Dr. Fox was either claimant's treating physician (if he had one), or an examining physician." For purposes of this appeal, we need not distinguish between these two categorizations.

that determination is made, however, the Social Security Act does not address explicitly the degree to which a court of appeals should defer to a district court's separate and distinct determination whether the remand should be for further proceedings or for immediate payment of benefits, nor has the issue been addressed in a published opinion in this circuit.[4]

"[W]hen ... the trial court determination is one for which neither a clear statutory prescription nor a historical tradition exists, it is uncommonly difficult to derive from the pattern of appellate review of other questions an analytical framework that will yield the correct [standard of review]." *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Here, the task of divining a fruitful analytical framework is particularly difficult because "other questions" (*id.*) which intuitively seem likely subjects for analogous appellate review have been addressed by the courts only rarely and, moreover, have yielded conflicting results.

We preface our analysis with the simple observation that "decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable *de novo* ), questions of fact (reviewable for clear error), and matters of discretion (reviewable for 'abuse of discretion')." *Pierce*, 487 U.S. at 558, 108 S.Ct. 2541. Here, Appellant contends that we should review the district court's decision *de novo* because "[a]pplicants for social security benefits are peculiarly in need of a full appellate review of the facts of their cases." *Farley v. Celebrezze*, 315 F.2d 704, 705–06 (3d Cir.1963) (*cited with approval* in *Stone v. Heckler*, 761 F.2d 530, 531–32 (9th Cir.1985)). In support of his argu-

ment that the abuse of discretion standard should apply, the Commissioner notes that this Court previously has categorized as "discretionary" its own decisions concerning whether to remand cases for payment of benefits when denial of benefits is unsupported by substantial evidence. *See, e.g., Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir.1989).

**A. The Distinction Between De Novo Review and Review for Abuse of Discretion**

■ In their treatise on federal standards of review, Childress and Davis suggest that the "abuse of discretion" label appears to "describe[ ] a *range* of appellate responses with varying degrees of deference handed down." 1 Childress and Davis, *Federal Standards of Review* (hereinafter "Childress") § 4.01, 4–13 (2d ed.1992). Normally, the decision of a trial court is reversed under the abuse of discretion standard only when the appellate court is convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances. *Valley Engineers v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 1455, 143 L.Ed.2d 542 (1999). In contrast, in undertaking *de novo* review, the appellate court accords no deference to the trial court, but rather determines for itself whether the administrative decision should be reversed on the ground that it is arbitrary, capricious, an abuse of discretion, or contrary to law. *Lake Mohave Boat Owners Ass'n. v. National Park Serv.*, 138 F.3d 759, 762 (9th Cir.1998).

4. Prior to *Forney v. Apfel*, 524 U.S. 266, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998), Ninth Circuit law dictated that a claimant could not appeal from a so-called sentence-four remand because he or she still might obtain full relief. *Id.* at 268, 118 S.Ct. 1984. In *Forney*, however, the Supreme Court noted that section 405(g) classified judgments rendered thereunder as "final," and that 28 U.S.C. § 1291 granted the courts of appeal jurisdiction over

appeals from all final decisions of district courts. *Id.* at 266, 118 S.Ct. 1984. The Supreme Court did not address itself to the standard of review concerning such remand decisions. *Also see Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990) (reversing the Third Circuit's determination that it lacked jurisdiction over the Secretary's appeal from a sentence-four remand).

While the distinction between these standards seems clear enough in the abstract, in practice the distinction often begins to blur as a body of appellate case law begins to develop with respect to issues which frequently are the subject of appeals. Under either standard of review, the case law eventually creates a template which may be placed over trial court decisions to determine whether those decisions as a matter of law fall inside or outside the guidelines of permissibility.

In such situations, perhaps the most important difference between the two standards has to do with which court's judgment is paramount. In the context of *de novo* review, a trial court's error, or lack thereof, is defined by the *appellate court's* exercise of judgment. With abuse of discretion review, error is defined by the appellate court's tolerance for the *trial court's* judgment. In determining the proper standard of review in this case and others like it, we must decide whether the task of reviewing a decision to remand a cause for further proceedings rather than for immediate payment of benefits tests our facility for judgment or our capacity for tolerance.

### B. The Applicable Standard of Review in This Case

■ We must choose between the *de novo* and abuse of discretion standards by balancing the "peculiar[ ] need of a full appellate review," (*Farley*, 315 F.2d. at 705–06), against the argument that the district court's remand determination requires the exercise of discretion and therefore is due the correlative level of deference on review.[5] We are guided in this task by several of the factors considered by the Supreme Court in *Pierce*, including, a) the potential for "substantial consequences" flowing from the selection between remand for payment and remand for further proceedings (*Pierce*, 487 U.S. at 563, 108 S.Ct. 2541); b) "which judicial actor is better positioned" to determine the likely utility of further proceedings (*id.* at 559–60, 108 S.Ct. 2541); and c) whether the remand question inherently is resistant to useful generalization (*see id.* at 561–62, 108 S.Ct. 2541).

In *Pierce*, the Court reviewed a determination concerning whether a party's underlying legal position was substantially justified for the purpose of awarding attorney's fees under the Equal Access to Justice Act. The Court indicated that if such EAJA determinations likely would yield "substantial amount[s] of ... liability," it might have required "more intensive[ ]" review than was appropriate under abuse of discretion test it ultimately prescribed. *Id.* at 563, 108 S.Ct. 2541. Disability claims, however, do not derive their significance from any potential for yielding awards of "substantial [monetary]

**5.** Sentence six of § 405(g) concerns remands for consideration of new evidence and it seems likely that the standard of review applicable to sentence-six remands also would be appropriate here. Unfortunately, different panels of this Court have come down on opposite sides of the *de novo* versus abuse of discretion debate with regard to sentence-six remands and it is improper for us to rely upon either position until the split is resolved *en banc. Compare Clem v. Sullivan,* 894 F.2d 328, 332 (9th Cir.1990) (applying abuse of discretion) with *Booz v. Secretary,* 734 F.2d 1378, 1380 (9th Cir.1984) (applying *de novo* ).

There are instances of courts in other circuits reviewing sentence-four remands for further proceedings, however, these cases tend to deal only with the legal issue of whether it was proper in the first instance to reverse the denial of benefits. *E.g. Nguyen v. Shalala,* 43 F.3d 1400 (10th Cir.1994); *Finkelstein v. Sullivan,* 924 F.2d 483, (3d Cir. 1991); *Randall v. Sullivan,* 956 F.2d 105 (5th Cir.1992). We found only one appellate decision addressing the merits of whether a district court chose incorrectly between remanding for payment and remanding for further proceedings. *See Butler v. Bowen,* 865 F.2d 173 (8th Cir.1989). In *Butler,* the district court remanded for payment of benefits but, on the Secretary's appeal, the Eighth Circuit held that the district court's failure to remand for further proceedings constituted reversible error. Unfortunately, the *Butler* court's de facto application of the *de novo* standard provides us with no real guidance, as with the other cases we have surveyed.

amounts," but rather from the "substantial consequences" of such awards in the lives of claimants. *Id.* Despite the unquestionable importance of disability claim determinations to the claimants involved, we note that the consequences of a remand for further proceedings are somewhat less substantial than those flowing from an outright denial of benefits. In fact, the ultimate consequence of a remand for further proceedings could well *be* an award of benefits. While we do not minimize the impact of continued delay in the payment of deserved benefits, the potential for "substantial consequences" here is not so paramount as to dictate the application of *de novo* review unless other factors also point in that direction.

Pierce also placed great emphasis on which tribunal was "better positioned" to make the decision. Here, that factor is largely neutral because the district court, like this Court, must make its decision on the basis of the administrative record alone. *See* 42 U.S.C. § 405(g); *Parks v. Harris,* 614 F.2d 83, 84 (5th Cir.1980). Because the district court is not the trial court, it has no special insight into what evidence might be brought forward on remand, and thus there is no reason to give deference to the district court on this basis.

The third *Pierce* factor, however, weighs overwhelmingly in favor of viewing the district court's decision as discretionary. The remand decision is not "susceptible, for the time being at least, of useful generalization." *Pierce,* 487 U.S. at 562, 108 S.Ct. 2541. We ourselves, in determining whether we should order a remand for further proceedings or direct a payment of benefits, have held that this particular decision lies within our discretion. *See Reddick v. Chater,* 157 F.3d 715, 728 (9th Cir.1998), and cases discussed therein. If a decision with respect to a sentence four remand based solely upon the administra-

tive record is within our discretion, the same decision necessarily must be in the discretion of the district court. Otherwise, we would be requiring the district court to make a "legally correct" decision, subject to our *de novo* review, without establishing any law to guide the district court to the required decision. Our precedent, based on the exercise of our discretion, would establish no law for the district court; rather, it would only mark the boundaries of our discretion. Our decisions are useful to the district court only if that court is acting within a range of discretion, as we have been.

Moreover, there are sound practical reasons why we have viewed our own decisions in this area as discretionary.[6] The decision whether to remand for further development of the administrative record or to direct an immediate award of benefits is a fact-bound determination that arises in an infinite variety of contexts. Narrow rules do not serve well in such a situation; an exercise of discretion, with review for abuse of discretion, is far preferable as a means of achieving the necessary flexibility. *See Pierce,* 487 U.S. at 562, 108 S.Ct. 2541.

Finally, although as noted previously § 405(g) does not address explicitly the standard of review in this context, the internal logic of the statute itself suggests that Congress intended that district courts have discretion with respect to the conditions of a sentence four remand. As in other administrative law contexts, judicial review in cases under the Social Security Act is limited to a review of the administrative record for a determination of whether the Commissioner's decision is supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g). The determinations of the district court thus appropriately are reviewed *de novo* on appeal. *Ramirez v. Shalala,* 8 F.3d 1449, 1451. However, in Social Security Act

---

**6.** Nothing we say here impairs or could impair the power of this Court, recognized in *Reddick,* 157 F.3d at 728, to make the discre-

tionary decision in the first instance, when the district court had not first made such a decision.

cases Congress has granted district courts the additional power to reverse or modify an administrative decision without remanding the case for further proceedings. Without this additional authority, a district court could not remand a case for immediate payment of benefits in connection with a reversal of the Commissioner's denial of benefits but could only remand the case for rehearing. Because Congress did not state that district courts "shall" exercise this additional power but simply gave district courts the authority to do so in an appropriate case, it reasonably may be inferred that the district court's exercise of such authority was intended to be discretionary and should be reviewed for abuse of discretion.

## III

### A. Determining the Correct Test

■ Appellant contends that as a result of the ALJ's improper rejection of Dr. Fox's opinion, the district court in this case was obligated simply to credit the opinion as true in order to determine whether there was any need of further proceedings. The Commissioner disputes whether our precedents require us to construe the record so generously in Appellant's favor. According to the Commissioner, the necessity for further proceedings properly is evaluated under the general rule that remand is appropriate if enhancement of the record would be useful.

Appellant supports his argument that Dr. Fox's testimony should be credited by citation to *Lester v. Chater*, 81 F.3d 821 (9th Cir.1995) and *Smolen v. Chater*, 80

---

**7.** Of course, *Smolen's* three-part test really constitutes a two part inquiry, wherein the third prong is a subcategory of the second: if the ALJ were not "required to find the claimant disabled" upon crediting the evidence, then this certainly would constitute an "outstanding issue[ ] that must be resolved before a determination of disability [could] be made." 80 F.3d at 1292. The three-part delineation nevertheless serves as a useful reminder that issues other than the presence or absence of a disability may preclude immediate payment of benefits. *Cf. Regennitter v.*

F.3d 1273 (9th Cir.1996). In *Lester,* we wrote that "[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'" *Lester,* 81 F.3d. at 834, *quoting Hammock v. Bowen,* 879 F.2d 498, 502 (9th Cir.1989). We built upon this rule in *Smolen* by positing the following test for determining when evidence should be credited and an immediate award of benefits directed:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen,* 80 F.3d at 1292.[7]

The Commissioner attacks Appellant's reliance on *Lester* by arguing that the record in that case contained no evidence capable of supporting the rejection of the medical opinions, while here, according to the Commissioner, there is such evidence.[8] However, even assuming arguendo that there is material in the record upon which the ALJ legitimately could have rejected Dr. Fox's testimony, the Commissioner's attempt to distinguish *Lester* is not well founded. In *Varney v. Secretary of Health and Human Services (Varney II),* 859 F.2d 1396 (9th Cir.1988), this court addressed the propriety of adopting the Eleventh Circuit's practice of accepting a

---

*Commissioner of the Social Security Administration,* 166 F.3d 1294, 1300 (9th Cir.1999) (requiring further proceedings to determine the date on which a claimant became disabled, after finding that disability was established by crediting claimant's and examining physician's testimony).

**8.** Presumably, by attempting to distinguish *Lester,* the Commissioner intends also to say something about the applicability of the *Smolen* test.

claimant's pain testimony as true when it is inadequately rejected by the ALJ. In language which is equally applicable here, we stated:

> Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from reach[ing] a conclusion first, and then attempt[ing] to justify it by ignoring competent evidence.... [¶ And] the rule [of crediting such testimony] ensures that deserving claimants will receive benefits as soon as possible....
>
> .. Certainly there may exist valid grounds on which to discredit a claimant's pain testimony.... But if grounds for such a finding exist, it is both reasonable and desirable to require the ALJ to articulate them *in the original decision.*

*Id.* at 1398–99. (Emphasis added; internal quotes and citation omitted).

Our reliance on *Varney II* to justify the current application of *Smolen* does not obscure the more general rule that the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings. *See Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir.1981). Rather, the *Smolen* test still enables only a limited exception to the general rule.

We conclude that if the *Smolen* test is satisfied with respect to Dr. Fox's testimony, then remand for determination and payment of benefits is warranted regardless of whether the ALJ *might* have articulated a justification for rejecting Dr. Fox's opinion.

### B. Applying the Test

█ Not surprisingly, the parties disagree as to whether the *Smolen* test is met here. Specifically, they disagree as to whether crediting Dr. Fox's opinion mandates a finding of disability.[9] We conclude that it does not.

Appellant consulted with Dr. Fox on several occasions between mid–1995 and mid–1997. Dr. Fox's notes from Appellant's June 21, 1995 visit indicate that the doctor "found [Appellant] totally disabled," and that "he became disabled 4 years ago due to pain and weakness in his lower extremities and back." Dr. Fox also noted that "[a] diagnosis of fibromyalgia [had been] made 4 months [earlier] by Dr. Philip Mon Pere and Dr. Robert Bennett in Portland."

The notes contain the following support for Dr. Fox's conclusion that Appellant is "totally disabled":

> Extremities all have subjective muscle pain worse in the lower extremity to active and passive motion and rotation. There is 1+ peripheral edema in both legs and decreased deep tendon reflexes on the left. I am convinced the gentleman has a diagnosis consistent with fibromyalgia.

The notes from Appellant's June 21, 1995 visit with Dr. Fox constitute the only indication of the doctor's opinion which was available to the ALJ before the ALJ determined that Appellant had residual functional capacity which would enable him to work as an "assembler of small products," or "a gate guard at a mill or plant" and that therefore he was not disabled. However, Appellant submitted additional materials to the Appeals Council in con-

---

9. No other aspect of the *Smolen* inquiry is at issue. The Commissioner has not appealed and therefore the district court's finding that the ALJ inadequately rejected Fox's testimony is not in question. *But cf. Nguyen,* 43 F.3d at 1404 (granting affirmative relief to the respondent-Secretary upon the *claimant's* appeal of a sentence-four remand) *and Randall,* 956 F.2d at 109 (5th Cir.1992) (granting affirmative relief to the respondent-claimant upon the *Secretary's* appeal of a sentence-four remand). Also, although the Commissioner states without explanation that "Judge Jones found that there are outstanding issues to be resolved," we find no such issues to be implicated in the district court decision except the issue of whether crediting improperly rejected evidence necessarily requires a finding that Appellant was disabled, which is the issue we already have defined.

junction with his request that they review the ALJ Decision. These materials included treatment records from July 19, 1996 and notes from October 24, 1996 and July 1, 1997. We properly may consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review. *Ramirez v. Shalala,* 8 F.3d 1449 (9th Cir. 1993).

The additional materials are consistent with the quoted June 21 notes and contain occasional added detail such as that "[Appellant] requires at least one cane for ambulation," and "[o]n bad days, minimal ambulation about his house is all he can tolerate due to pain and severe fatigue.... He has used most of the currently available medications for fibromyalgia with minimal success...." Appellant also submitted a questionnaire to the Appeals Council, (apparently provided to Dr. Fox by Appellant's counsel) in which the doctor opines that Appellant is not able to work "on a regular sustained basis, 8 hours a day, 40 hours a week," at any exertional level.

However, even giving the additional materials the consideration to which they are entitled, there are at least two reasons why it would be inappropriate to conclude on the present state of the record that Appellant is entitled to benefits as a matter of law. First, Dr. Fox's conclusion that Appellant is totally disabled is a medical rather than a legal conclusion. In contrast to other cases in which we have remanded for payment of benefits based upon improper rejection of medical testimony, here there was no testimony from the vocational expert that the limitations found by Dr. Fox would render Appellant unable to engage in any work. *See, e.g., Varney II,* 859 F.2d at 1400; *Smolen,* 80 F.3d at 1291; *Reddick v. Chater,* 157 F.3d 715, 729 (9th Cir.1998); *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir.1984). In cases where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits. *See, e.g., Gamer v. Secretary of Health & Human Svcs.,* 815 F.2d 1275, 1281.

Second, critical portions of Dr. Fox's testimony, in particular the finding that Appellant could not work "on a regular sustained basis, 8 hours a day, 40 hours a week" were not before the ALJ at all but were presented only to the Appeals Council. While we properly may consider the additional evidence presented to the Appeals Council in determining whether the Commissioner's denial of benefits is supported by substantial evidence, it is another matter to hold on the basis of evidence that the ALJ has had no opportunity to evaluate that Appellant is entitled to benefits as a matter of law. The appropriate remedy in this situation is to remand this case to the ALJ; the ALJ may then consider, the Commissioner then may seek to rebut and the VE then may answer questions with respect to the additional evidence.

### C. Other Issues

Appellant also attributes a multitude of other errors to the district court. For example, Appellant notes that the district court found fault with the ALJ's rejection of Appellant's own testimony and the testimony of lay witness Avis Cook as well as with the ALJ's assertion of an incomplete hypothetical to the vocational expert. Appellant argues that these findings constitute a separate basis for remanding Appellant's case for immediate payment of benefits. Appellant also assigns error because the district court decision does not address the ALJ's rejection of the opinion of Dr. Lewis, an examining physician.

Whatever the merits of these arguments, we conclude that there are sufficient unanswered questions in the record that the district court's determination to remand the case for further proceedings was not an abuse of discretion. For example, there is evidence that Appellant may

abuse alcohol, a fact which might disqualify him from receiving benefits, *see* 42 U.S.C. § 423(d)(21)(C), and that Appellant's intellectual abilities are less limited than Appellant claims. Because neither the ALJ nor the vocational expert had the full picture before them, remand for further proceedings is particularly appropriate.

AFFIRMED.