Jeffery L. CALEHUFF, Plaintiff–
Appellant,

v.

William A. HALTER *, Commissioner
of Social Security Administration,
Defendant–Appellee.

No. 99–17101.
D.C. No. CV–98–21069–JW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 15, 2001.

Decided April 3, 2001.

<hr>

* William A. Halter is substituted for his prede-
cessor, Kenneth S. Apfel, as Commissioner of
the Social Security Administration. *See* Fed.
R.App. P. 43(c)(2).

Before HAWKINS, McKEOWN, and WARDLAW Circuit Judges.

## MEMORANDUM **

Jeffery Calehuff ("Calehuff") appeals the district court's grant of summary judgment to the Commissioner of Social Security ("Commissioner"), affirming the Administrative Law Judge's ("ALJ") denial of his application for disability benefits. Calehuff argues that an injury to his right foot which resulted from falling off a ladder while performing roofing work classifies him as disabled. Pursuant to 28 U.S.C. § 1291, we have jurisdiction. We reverse and remand with instructions to the district court to remand the case to the Administrative Law Judge (1) to articulate clear and specific reasons for discrediting Calehuff's pain testimony; and (2) for a determination of Calehuff's vocational ability based upon a hypothetical question

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

posed to a vocational expert ("VE") that accurately reflects Calehuff's standing and walking limitations and his medical need to elevate his leg.

■ 1. The district court erred in finding that the ALJ sufficiently articulated a basis for its adverse credibility finding. "[T]he ALJ may reject the claimant's testimony regarding the severity of [his] symptoms only if he makes specific findings stating clear and convincing reasons for doing so." *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir.1996). "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." *Morgan v. Comm'r of the Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir.1999). "In evaluating the credibility of the symptom testimony, the ALJ must also consider the factors set out in Social Security Regulation ("SSR") 88–13[1]." *See Smolen,* 80 F.3d at 1284; *Bunnell v. Sullivan,* 947 F.2d 341, 346 (9th Cir.1991) (en banc). "Those factors include the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptom; precipitating and aggravating factors; functional restrictions caused by the symptoms; and the claimant's daily activities." *Smolen,* 80 F.3d at 1284 (citing SSR 88–13).

■ The ALJ's statement of reasons for rejecting Calehuff's pain testimony was inadequate. Without referring to any of the relevant regulations, the ALJ found only that "the Claimant's statements concerning his impairments and their impact on his inability to work (to the extent he

1. SSR 88–13 has since been superceded by SSR 96–7p.

asserts all work activity is precluded) are not entirely credible in light of the Claimant's own description of his activities and life style, the medical history, and the findings made on examination." Although the district court pointed to specific examples in the record to support the ALJ's determination that Calehuff's pain allegations lacked credibility, the ALJ failed to provide any specific findings as to inconsistency. Because the ALJ, not the district court, is required to identify and articulate clear and specific reasons for discrediting pain testimony, *see Morgan*, 169 F.3d at 599, the district court erred.

■ 2. "An ALJ must propound a hypothetical to a VE that is based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical must be "accurate, detailed, and supported by the medical record." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir.1999). Here, the ALJ posed only a single hypothetical question stating that "[i]n terms of an individual who was prohibited from even doing light work because of not being able to stand on ... his feet, with a ... college education of three years, but not completion of college education and work experience similar to what Mr. Calehuff has had, would there be any entry level sedentary jobs that would be available for an individual with that situation if they were able to perform sedentary work?" Because both Dr. Pfeffer and Dr. Widfeldt recommended that Calehuff elevate his leg as much as possible and there was no medical evidence suggesting that this was not medically required, the ALJ's hypothetical question to the VE did not "reflect all the claimant's limitations." *Osenbrock*, 240 F.3d at 1165.

Furthermore, despite the medical evidence suggesting that Calehuff was limited in his capacity of walking and standing, the ALJ also failed to address these limitations in her hypothetical posed to the VE. Therefore, this issue must be remanded for the questioning of a vocational expert on whether: (1) Calehuff's elevation of his leg will impact his ability to perform sedentary work that exists in the national economy, and (2) Calehuff's limitations on standing and walking, as articulated by his podiatrists and physicians, will have any impact on his ability to perform sedentary work that exists in the national economy.

■ Although Calehuff argues that we should remand for immediate benefits under *Harman v. Apfel*, 211 F.3d 1172 (9th Cir.) (remand for immediate benefits is the appropriate remedy when a three-part test is met), *cert. denied*, 531 U.S. 1038, 121 S.Ct. 628, 148 L.Ed.2d 537 (2000), because there are "outstanding issues that must be resolved before a determination of disability can be made" and it is not "clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited," remanding for immediate benefits is not an appropriate remedy. *Id.* at 1178 (quoting *Smolen*, 80 F.3d at 1292 (internal quotation marks omitted)).

REVERSED AND REMANDED WITH INSTRUCTIONS.