**Patsy OLTMANNS, Plaintiff—Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.**

**No. 01–36001.**

**D.C. No. CV–00–01358–HU.**

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2003.*

Decided March 28, 2003.

Before O'SCANNLAIN, FERNANDEZ and FISHER, Circuit Judges.

MEMORANDUM**

We affirm the judgment of the district court. Substantial evidence supports the administrative law judge's determination that Oltmanns is not disabled because she retains the capacity to make an adjustment to work which exists in significant numbers in the national economy.

Although a treating physician's opinion may be rejected only for clear and convincing reasons, or, if contradicted by another physician, for specific and legitimate reasons supported by substantial evidence, *see Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995), here Dr. Pribnow's generalized statement that he would support disability retirement for Oltmanns is not a medical

opinion that the ALJ had to address specifically. In addition, the variations between the limitations adopted by the ALJ and those imposed by Dr. Pribnow are insubstantial and do not constitute error.

The ALJ did not err in evaluating Oltmanns' residual functioning capacity. Her opinion makes clear that she properly evaluated Oltmanns' limitations based on the functions described in 20 C.F.R. § 404.1545(b)-(d). She also took into account Oltmanns' non-severe impairments as reflected in the medical records when determining the RFC. *See Vincent v. Heckler,* 739 F.2d 1393, 1394 (9th Cir. 1984). Dr. Beaver's post-hearing questionnaire did not undermine the evidentiary basis for the ALJ's decision. *See Harman v. Apfel,* 211 F.3d 1172, 1180 (9th Cir. 2000).

The ALJ provided specific reasons for rejecting Oltmanns' testimony, and these reasons are both clear and convincing. *See Lester,* 81 F.3d at 834. Although the ALJ did err by failing to provide germane reasons for disregarding Oltmanns' husband's testimony, *see Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001), this error is harmless because substantial evidence supports the ALJ's conclusion, *see Schneider v. Comm'r,* 223 F.3d 968, 976 (9th Cir. 2000).

Oltmanns has not offered a theory as to how her impairments combine to equal a listed impairment nor pointed to evidence to demonstrate this theory, and we therefore reject her argument that the ALJ erred by failing to consider the combined effects of her impairments. *See Lewis,* 236 F.3d at 514. The ALJ did not err by failing to call a medical expert because the new evidence received after the Disability Determination Services' review did not in-

dicate a significant change in Oltmanns' impairments. *See* SSR 96–6p.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided by Ninth Circuit Rule 36–3.