NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEVIN W. SHILTS,

Plaintiff - Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

Defendant - Appellee.

No. 09-16699

D.C. No. 2:08-cv-01440-FJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted October 7, 2010[**]
San Francisco, California

Before: THOMPSON, SILVERMAN and McKEOWN, Circuit Judges.

Plaintiff-Appellant Kevin W. Shilts appeals the district court's decision to

remand his claim for disability and supplemental social security benefits for further

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

administrative proceedings rather than for an immediate payment of benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

Under this Circuit's "credit-as-true" rule, evidence should be credited as true and an action remanded for an immediate award of benefits only if: "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citations omitted).

In the present case, the district court's decision reveals that *there are* outstanding issues that still need to be resolved with respect to Shilts' allegations of agoraphobia and the availability of other options that would not require him "to go home and clean himself" each time he uses the bathroom. A remand for further administrative proceedings was therefore appropriate. *See id.* ("*Remand for further administrative proceedings is appropriate* if enhancement of the record would be useful." (citing *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000))).

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

Similarly, it is *not* clear from the record that the ALJ would be required to find Shilts disabled even if his testimony about not being able to clean himself is credited. Rather, a determination upon remand that *other options* are available to accommodate Shilts' condition might change the vocational expert's conclusion that there are no jobs in the national economy that Shilts can perform.

Accordingly, because there are "sufficient unanswered questions in the record," the district court's determination to remand the case for further proceedings was not an abuse of discretion. *See Harman*, 211 F.3d at 1180.

**AFFIRMED.**