**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30167 |
| Plaintiff - Appellant, | D.C. No. 2:09-cr-00088-FVS-1 |
| v. | |
| KARL F. THOMPSON, Jr., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Argued and Submitted February 7, 2011
Seattle, Washington

Before: B. FLETCHER, PAEZ, and IKUTA, Circuit Judges.

We consider the government's interlocutory appeal of the district court's

pretrial exclusion of evidence. We have jurisdiction under 18 U.S.C. § 3731, and

we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review a district court's pretrial exclusion of evidence for abuse of discretion. *United States v. Bonds*, 608 F.3d 495, 498 (9th Cir. 2010). "[P]retrial in limine evidentiary rulings are to be accorded the same deference on appeal as rulings made during trial." *United States v. Layton*, 767 F.2d 549, 555 (9th Cir. 1985). We do not reverse an evidentiary ruling under an abuse of discretion standard unless we are "'convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances.'" *Boyd v. City and Cnty. of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009) (quoting *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000)).

Here, the district court properly concluded that evidence of Otto Zehm's innocent conduct was relevant under *Boyd*, 576 F.3d at 944 ("[W]here what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible."). The district court, however, exercised its discretion under Fed. R. Evid. 403 to exclude this evidence because the potential for prejudice to Officer Thompson substantially outweighed the probative value of the evidence. In so ruling, the court noted the sympathetic nature of this evidence and expressed concern that a limiting instruction would not be effective in keeping the jury focused on the elements of the alleged offense. Although the district court's reasoning for its Rule 403 ruling

2

gives us pause, we cannot say that it is "illogical, implausible, or without support in inferences that may be drawn from the record." *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc) (adopting an abuse of discretion test for denial of motions for a new trial). Indeed, "[t]he record reflects that the court conscientiously weighed the probative value against the prejudicial effect for each piece of evidence, which is a showing sufficient for affirmance." *Boyd*, 576 F.3d at 949.

In affirming the district court's ruling, we are mindful of the government's representation at oral argument that the excluded evidence is not essential to its ability to prove its case beyond a reasonable doubt. Further, we take note of the district court's statement that, if warranted by the evidence at trial, it would reconsider its ruling. The court's willingness to revisit the issue is significant because the court issued its ruling pretrial, without the benefit of the witnesses' actual testimony.

AFFIRMED