FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KELLY G. MELTON,

        Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

        Defendant - Appellee.

No. 10-35953

D.C. No. 3:09-cv-01000-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted July 12, 2011[**]
Portland, Oregon

Before: GOODWIN, PREGERSON, and M. SMITH, Circuit Judges.

    Plaintiff-Appellant Kelly Melton appeals the district court's order remanding

her claim for disability and supplemental social security benefits for further

administrative proceedings. The district court found that the Administrative Law

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge (ALJ) had committed three errors and remanded Melton's case for further administrative proceedings. Melton argues that the district court erred when it upheld the part of the ALJ's decision that gave little weight to the opinions of three treating physicians regarding Melton's limitations,[1] and that the district court should have remanded the case for an immediate award of benefits.

The parties are familiar with the facts, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's decision to remand this case for further proceedings.

The opinions of treating physicians are given greater weight than those of non-treating physicians. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010). Where there is conflicting medical evidence, the ALJ must state "specific and legitimate reasons that are supported by substantial evidence" in the record for rejecting a treating physician's opinion. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

---

[1]Melton did not "specifically and distinctly" argue in her opening brief that the ALJ improperly rejected Dr. Anderson's opinion. Thus, this issue is waived. *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (noting that we "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief").

Two of the ALJ's reasons for discrediting Dr. Gibby-Smith's opinion regarding Melton's "marked" limitations in a work environment are "specific and legitimate reasons that are supported by substantial evidence" in the record. *Id.* First, the ALJ correctly found that Gibby-Smith's opinion was based almost entirely on Melton's self-reporting, which the ALJ found not fully credible, a finding Melton does not challenge on appeal. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based to *a large extent* on a claimant's self-reports that have been properly discounted as incredible." (quotation marks and citation omitted) (emphasis added)). Second, Dr. Gibby-Smith provided inconsistent answers on her evaluation form. She gave Melton a GAF score of 55, which indicates "*moderate*" difficulty in social, occupational, or school functioning. Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. 2000). On the same form, Dr. Gibby-Smith indicated Melton had "*marked*" limitations in daily activities and in maintaining social functioning, meaning more than moderate, but less than extreme. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00C; 20 C.F.R. § 404.1520a. The ALJ reasonably relied upon this internal inconsistency for discrediting Dr. Gibby-Smith's opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211,

3

1216 (9th Cir. 2005) (finding that an ALJ may cite internal inconsistencies in evaluating a physician's opinion).

The ALJ also correctly pointed to specific examples of contradictions in Dr. Sultany's own answers on an assessment form, and provided additional legitimate reasons for questioning the reliability of Dr. Sultany's responses on this form. Accordingly, the ALJ properly rejected Dr. Sultany's responses after stating "specific and legitimate reasons that are supported by substantial evidence" in the record. *Ryan*, 528 F.3d at 1198; *see also Bayliss*, 427 F.3d at 1216.

Finally, the ALJ properly discredited Dr. Simon's answers on the "Medical Opinion Regarding Ability to Work" form because the form was unsigned and contradicted Dr. Simon's own treatment records. *See id.*

Remand for further administrative proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. *See Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009).

Here, there are outstanding issues the ALJ must consider on remand before a finding of disability can be made, including (1) determining what weight to afford the lay witness testimony; (2) incorporating in Melton's residual functional

capacity her limitations in maintaining concentration, persistence, or pace; and (3) posing an accurate hypothetical to the vocational expert.  Because there are "sufficient unanswered questions in the record," the district court's decision to remand the case for further administrative proceedings was not an abuse of discretion.  *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).

**AFFIRMED.**