**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SCOTT MCGARY,

        Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

        Defendant - Appellee.

No. 10-35915

D.C. No. 4:09-cv-00117-RKS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Keith Strong, Magistrate Judge, Presiding

Submitted July 12, 2011[**]
Portland, Oregon

Before: GOODWIN, PREGERSON, and M. SMITH, Circuit Judges.

      Plaintiff-Appellant Scott McGary appeals the district court's decision to

remand his claim for disability insurance benefits for further administrative

proceedings rather than for immediate payment of benefits. The parties are

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

familiar with the facts, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

McGary argues that the credit-as-true rule applies to his case and that we should remand with instructions for an immediate award of benefits. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). But the Administrative Law Judge (ALJ) in McGary's case erred in assessing McGary's residual functional capacity, which led to additional errors in determining McGary's ability to perform other jobs which exist in significant numbers in the national economy. The parties do not argue that the ALJ improperly discredited certain evidence, which is the type of error in which a credit-as-true analysis would apply. *See e.g.*, *id.* (remanding for an award of benefits when the ALJ improperly rejected the physicians' opinions, plaintiff's own symptom testimony, and lay witnesses testimony, and it was clear that a finding of disability was required after properly crediting this evidence as true). Accordingly, the credit-as true rule does not apply to McGary's case.

Moreover, remand for further administrative proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. *See Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009). There are still outstanding issues in McGary's case regarding his residual functional capacity

and the jobs he might be capable of performing given his manipulative limitations. Thus, because there are "sufficient unanswered questions in the record," the district court's decision to remand the case for further administrative proceedings was not an abuse of discretion. *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).

**AFFIRMED.**