**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MONICA M. CONTRERAS,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security Administration,<br><br>　　　　Defendant - Appellee. | No. 12-15102<br><br>D.C. No. 2:11-cv-00471-JAT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted March 10, 2014
San Francisco, California

Before: FARRIS, REINHARDT, and TASHIMA, Circuit Judges.

Monica Contreras appeals the district court's order remanding her case for

further proceedings, arguing that the district court erred when in declined to

remand for a calculation and award of benefits. Reviewing for abuse of discretion,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000), we reverse and remand to the district court with instructions to remand to the ALJ for an award of benefits.[1]

**1.** The district court reached a number of conclusions that the Commissioner does not contest on appeal. First, the district court concluded that the ALJ failed to provide a legally sufficient reason for assigning little weight to the opinion of Dr. Abhyanker, Contreras's treating physician.[2] Second, the district court concluded that the ALJ erred by failing to address the opinion of Dr. Geary, an examining physician who diagnosed Contreras with numerous mild and moderate limitations. Finally, the district court concluded that the ALJ did not provide legally sufficient reasons for discrediting parts of Contreras's testimony. As the district court noted, the vocational expert's testimony made clear that if the ALJ had credited Geary, the ALJ would have been required to conclude that Contreras could not work.

----

[1] We resolve many of the arguments raised by the parties concerning the credit-as-true rule in an opinion in *Garrison v. Colvin*, No. 12-15103, issued concurrently herewith.

[2] In doing so, the district court stated that the opinions of Abhyanker and Nurse Practitioner Finney did not conflict, noting that "it is arguable whether Dr. Abhyanker's opinion is sufficiently contradicted [by Finney] to justify using the 'specific and legitimate' standard.'" The district court also observed that, unlike Abhyanker, "Finney never made any conclusions regarding Claimant's ability to work." Although the district court later stated that the opinions of Finney and Abhyanker could be read as conflicting, its earlier decision to credit the opinion of Abhyanker and the reasoning offered in support of that decision preclude its later suggestion that the two opinions might conflict.

**2.** As we explain in *Garrison v. Colvin*, the three conditions of the credit-as-true rule are as follows: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison* also provides that a district court abuses its discretion when all three conditions of the credit-as-true rule are satisfied and it refuses to remand to the ALJ for an award of benefits—unless that court determines that the record as a whole creates serious doubt that the claimant is disabled, in which event it has flexibility to remand to the ALJ for further proceedings.

**3.** Here, all requirements of the credit-as-true rule are satisfied. First, the record has been fully developed and there is no need for further administrative proceedings.[3] Second, the ALJ failed to provide legally sufficient reasons for assigning little weight to Abhyanker's opinion, ignoring Geary's opinion, and discrediting Contreras's testimony concerning the effects of her mental health

---

[3] As we note in *Garrison*, remand for a residual functional capacity assessment is not warranted when the vocational expert has definitively answered questions about a hypothetical person matching the characteristics that claimant must be found to possess if the improperly rejected evidence is credited as true.

3

issues, which include major depressive disorder and general anxiety disorder.

Third, if Abhyanker and Geary's opinions, and Contreras's testimony, were credited as true, then in light of the vocational expert's testimony, the ALJ would be required to find Contreras disabled on remand.

Having concluded that all three requirements of the credit-as-true rule are satisfied, we have considered the record as a whole and have found no reason for serious doubt as to whether Contreras is disabled.[4]  Thus, the proper remedy is to remand for the calculation and award of benefits.  *See Garrison v. Colvin*.

Accordingly, we remand to the district court with instructions to remand to the ALJ for the calculation and award of benefits.

**REVERSED AND REMANDED.**

---

[4]  The district court's view that the vocational expert, Bluth, offerred ambiguous testimony is erroneous.  Bluth stated that Contreras *could* work under the limitations described by Jasinski and Dr. Gerber, and that Contreras *could not* work under the limitations described by Geary.  There was no inconsistency in this testimony: in response to different hypothetical questions, Bluth offered different answers.  *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001).