FILED

OCT 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARGARET MARY SMITH, | No. 12-17246 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01242-JAT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Submitted October 9, 2014[**]
Phoenix, Arizona

Before: WALLACE, SILVERMAN, and M. SMITH, Circuit Judges.

Margaret Mary Smith appeals from the district court's judgment reversing

the Commissioner's denial of disability benefits and remanding for further

administrative proceedings. We have jurisdiction under 28 U.S.C. § 1291, we

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for an abuse of discretion, *Harman v. Apfel*, 211 F.3d 1172, 1173 (9th Cir. 2000), and we affirm.

The district court did not abuse its discretion by remanding for further proceedings, rather than for an immediate award of benefits, because Smith did not satisfy all the conditions of the "credit-as-true" rule. *See Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). Although the district court concluded that the ALJ failed to provide legally sufficient reasons for rejecting the testimony of Dr. Levine, "there are outstanding [] issues that must be resolved before a determination of disability can be made," and it is not "clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id.* at 1292. As the district court concluded, "there are conflicting medical opinions regarding [Smith's] ability to do work-related activities" and "substantial evidence supports the ALJ's conclusion that the medical record shows [Smith] is less restricted than Dr. Levine opined."

Moreover, district courts retain "flexibility" to remand for further proceedings "when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that the claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). In light of this flexibility and the substantial conflicting evidence in the

record, even if Smith did satisfy the credit-as-true rule, the district court's decision to remand for further proceedings was not "beyond the pale of reasonable justification under the circumstances." *Harman*, 211 F.3d at 1175.

Because the district court did not abuse its discretion by remanding for further proceedings, the panel need not reach the issue of whether the district court properly concluded that the ALJ provided legally sufficient reasons for discrediting Smith's testimony.

**AFFIRMED.**