**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JULIE TRNAVSKY,

            Plaintiff - Appellee,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

            Defendant - Appellant.

No. 13-35755

D.C. No. 6:12-cv-00382-RE

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
James A. Redden, Senior District Judge, Presiding

Argued and Submitted October 13, 2015
Portland, Oregon

Before: TASHIMA, GILMAN**, and BEA, Circuit Judges.

        The Commissioner of Social Security (the "Commissioner") appeals the

district court's application of the credit-as-true rule to reverse an administrative

law judge's ("ALJ's") order denying Disability Insurance Benefits and

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **        The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S.
Court of Appeals for the Sixth Circuit, sitting by designation.

Supplemental Security Income to Plaintiff-Appellee Julie Trnavsky ("Trnavsky") and to remand for the immediate payment of benefits. We affirm.

We review *de novo* the district court's decision to reverse the ALJ's disability determination, *see Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), but we review the corollary decision to remand for immediate payment of benefits only for abuse of discretion, *see Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). Under the "*Harman* test," a district court may remand for immediate award of benefits only "if (1) the ALJ has failed to provide legally sufficient reasons for rejecting [a treating physician's opinion], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were [the treating physician's opinion] credited." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citing *Harman*, 211 F.3d at 1178). If the first element is met, the district court may credit the rejected evidence as true as a matter of law (the "credit-as-true" doctrine) and analyze the next two elements of the *Harman* test under that assumption. *Benecke*, 379 F.3d at 594.

**1. *Harman* Step One.** The Commissioner expressly waived any challenge to the district court's determination (on *Harman* Step One) that the ALJ failed to

provide adequate reasons for rejecting Dr. Holland's opinion.[1]  We therefore find

that issue waived.  *See Burrell v. Colvin*, 775 F.3d 1133, 1141–42 (9th Cir. 2014).

The Commissioner's argument that the district court abused its discretion in

crediting Dr. Holland's opinion as true therefore lacks merit: Because *Harman's*

first element was met, the district court acted within its discretion in crediting Dr.

Holland's opinion as true.  *See Benecke*, 379 F.3d at 593.  Moreover, an adverse

credibility finding as to the claimant does not justify rejecting a treating

physician's opinion unless (a) that opinion was based "to a large extent" on the

claimant's unreliable self-reports, and (b) the physician did not independently

evaluate the claimant's symptoms and make medical findings.  *Compare*

*Tommasetti v. Astrue*, 533 F.3d 1035, 1037, 1040–41 (9th Cir. 2008), *with*

*Benecke*, 379 F.3d at 594–96.  Here, Dr. Holland's medical opinion was expressly

based on her independent medical assessment, on the corroborating diagnoses of

other specialists, and on Trnavsky's well-documented mental health history.[2]

---

[1]This is an issue that we would generally review *de novo* because it goes to the question whether the remand was proper in the first instance.  *See Harman*, 211 F.3d at 1174 (decisions to affirm or reverse the ALJ's determinations are reviewed *de novo*, as is the district court's determination to remand the case).

[2]Nor was Dr. Holland's three-page medical opinion overly brief and insufficiently supported by clinical findings; thus, *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005), does not help the Commissioner.

Nor does the fact that Dr. Holland provided primarily physical treatment provide a legally cognizable basis for rejecting Dr. Holland's opinion—much less for finding that the district court abused its discretion in crediting Dr. Holland's opinion as true. Specialization is but one of six factors to be considered in weighing competing medical opinions, and Dr. Holland, as an M.D., was qualified to opine on Trnavsky's mental health. *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Indeed, we have recognized that a primary care physician's opinion is entitled to "special" weight. *See, e.g.*, *Lester v. Chater*, 81 F.3d 821, 832–35 (9th Cir. 1995).[3]

**2. *Harman* Step 2.** The district court likewise did not abuse its discretion in finding, at *Harman* Step 2, that no outstanding issues remained after crediting Dr. Holland's opinion as true, even though Dr. Gordy (a non-examining physician) disagreed with Dr. Holland's assessment. On closer examination, Dr. Gordy's opinion does not materially conflict with that of Dr. Holland, Trnavsky's treating

---

[3] And contrary to the Commissioner's assertion, the district court did *not* affirm the ALJ's decision to afford great weight to Dr. Gordy's opinion. Rather, the district court held that, because Dr. Gordy's testimony that Trnavsky would not get along with a "hard-nosed, non-compassionate supervisor" was purely speculative, the ALJ did not err by failing to include limitations relating to a supervisor's personality in Trnavsky's Residual Functional Capacity ("RFC"). Thus, there is no internal inconsistency that would require reversal of the district court's opinion.

physician.  While Dr. Holland definitively opines that Trnavsky is unable to maintain employment, Dr. Gordy merely offers her "conjecture" that Trnavsky could respond appropriately to work-related people and pressures.  The credit-as-true rule permits a reviewing court to "credit as true" an improperly rejected treating physician's assessment over a *non-examining*, *non-treating* physician's contrary opinion on the same question.  *See, e.g.*, *Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006).  Particularly in light of the "special weight" afforded to a primary care physician's opinion, *see, e.g.*, *Lester*, 81 F.3d at 832–35, it was not an abuse of discretion for the district court to conclude that Dr. Gordy's speculative statement did not raise an outstanding issue.

Nor does our recent decision in *Dominguez v. Colvin*, No. 13-17380, 2015 WL 8600040 (9th Cir. Dec. 14, 2015) compel a finding that the district court abused its discretion in remanding Trnavsky's case for immediate award of benefits.  The record in *Dominguez* contained significantly more factual ambiguity than does the record here.  Not only was the treating physician's opinion contradicted by three other physicians, it was contradicted by the treating physician's *own notes*.  *Id.* at \*4.  Moreover, Dominguez had stated a different disability onset date in her second application for disability than she had stated in her first application, and had offered no evidence to explain the discrepancy.  *Id.* at

-5-

*5. Given that the determination as to whether "further administrative proceedings would serve no useful purpose" is highly fact-specific, *id.* at *4, it does not follow from *Dominguez* that the district court's contrary determination in Trnavsky's case (on a different set of facts) was *an abuse of discretion.* Indeed, the Commissioner's argument ignores a key distinction between the posture of *Dominguez* and the present case, which, given the highly deferential standard of review on appeal, supports a different outcome here. In *Dominguez*, the district court had remanded the claimant's case *for further fact-finding*; thus, we simply held that this was *not* an abuse of discretion. *Id.* at *1, 5. Conversely here, the district court remanded Trnavsky's case *for immediate payment of benefits*, and the Commissioner asks us to *find* an abuse of discretion. This is a much higher bar, and, for all the reasons set forth herein, we do not find it met here.

**3. *Harman* Step 3.** Finally, the district court did not abuse its discretion in holding that if the improperly discredited evidence were credited as true, the ALJ would be required to find Trnavsky disabled on remand. *Garrison*, 259 F.3d at 1021. Dr. Holland's diagnoses of PTSD and depression, combined with Dr. Aviotti's assessment and the uncontroverted evidence of Trnavsky's job history, demonstrated that Trnavsky's PTSD and other health issues caused emotional outbursts in the workplace and excessive absenteeism. In turn, a vocational expert

-6-

called by the government testified that an individual who "decompensates" in the workplace because of PTSD (*i.e.*, the individual's mental illness manifests because of triggers in the workplace), or who routinely requires more than two days off from work in a month, would be unable to maintain competitive employment. Because this evidence established that Trnavsky's impairments would rule out competitive employment, the district court did not abuse its discretion in finding that the evidence compelled a finding of disability. *See, e.g.*, *Lester*, 81 F.3d at 834–35.

For all of these reasons, we AFFIRM the district court's reversal and remand for immediate payment of benefits.