Eric SCHNAUTZ, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.

No. 03–15363.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2004.

Decided March 29, 2004.

Mark Ross Caldwell, Esq., Caldwell & Ober PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, Michelle M. Kelly, Esq., Social Security Administration, Office of the Regional Counsel, Denver, CO, for Defendant–Appellee.

Before: B. FLETCHER, REINHARDT, Circuit Judges, and RESTANI,* Judge.

MEMORANDUM **

Plaintiff–Appellant Eric J. Schnautz appeals an order of the district court reversing the decision of the Commissioner of Social Security denying him disability insurance benefits but remanding for additional administrative proceedings. We conclude that the district court abused its discretion by remanding for further administrative proceedings instead of remanding for an award of benefits. Accordingly, we reverse and remand to the district court with instructions to remand to the Commissioner of Social Security for an immediate award of benefits. Because the parties are familiar with the facts, we

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

recite them only as necessary to explain our decision.

We review the district court's decision whether to remand for further proceedings or for an award of benefits for an abuse of discretion. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.2000). The district court should credit evidence rejected during the administrative process and remand for an immediate award of benefits where (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.*

The ALJ rejected the evaluations of several physicians without providing adequate reasons. Most importantly, the ALJ rejected examining psychiatrist Shelley Uram's conclusions about Schnautz's mental health because "the claimant has seen almost no doctors." The fact that a claimant has been evaluated by relatively few doctors provides no basis for discounting the opinion of a particular examining physician. Where the ALJ "fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995) (internal quotation omitted). Because the ALJ failed to provide legally sufficient reasons for rejected Uram's written evaluation, we credit it as true. Uram diagnosed Schnautz with major depression and panic disorder with agoraphobia, and she concluded that Schnautz's chronic pain and depression interfered with his ability to do everyday tasks. Uram indicated that Schnautz was at least moderately severely impaired in his ability to perform various work-related activities.

Crediting Uram's evaluation of Schnautz's condition, there are no outstanding issues that must be resolved before a determination of disability can be made, and it is clear from the record that Schnautz is entitled to disability benefits. *See Harman*, 211 F.3d at 1178. A vocational expert, when asked a detailed hypothetical based on Uram's written evaluation, testified that a person with such limitations would be unable to work at any job. The government conceded at oral argument that Schnautz would be entitled to benefits if Uram's opinion were credited, but contended that we need not credit Uram's opinion because the evaluations of various doctors are inconsistent. As noted above, we credit a doctor's opinion as true as a matter of law if the ALJ did not give adequate reasons for rejecting her opinion. *Lester*, 81 F.3d at 834. Uram's opinion, the most recent doctor's opinion, is not inconsistent with other opinions evaluating Schnautz's mental health; it simply indicates that Schnautz's condition had progressed and his limitations had become more severe since the previous evaluations.

Because remand for further administrative proceedings serves no useful purpose and subjects Schnautz to further delay in his long wait for disability benefits, we conclude that the district court abused its discretion by remanding for further administrative proceedings.

REVERSED and REMANDED with instructions.