**Kim Sour SORN, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

No. 04–16103.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2006.

Decided May 3, 2006.

Sarah H. Bohr, Esq., Bohr & Harrington, LLC, Atlantic Beach, FL, Ann Mccann Cerney, Ann M Cerney Attorney at Law, Stockton, CA, for Plaintiff–Appellant.

Jean M. Turk, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM *

Kim Sour Sorn ("Sorn") appeals the judgment of the district court affirming the decision of an administrative law judge ("ALJ") denying her claim for social security disability benefits. We reverse.

We must affirm the Commissioner's denial of benefits if it is supported by substantial evidence, and correctly applies the law. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir.2001). The substantial evidence standard requires more than a scintilla of evidence, but less than a preponderance. *Id.* We must consider the record as a whole, evaluating evidence that both supports and detracts from the Commissioner's conclusions. *Id.*

The ALJ determined that Sorn was not disabled based on his rejection of Dr. Nathan's opinions. "An ALJ may reject the uncontradicted medical opinion of a treating physician only for 'clear and convincing' reasons supported by substantial evidence in the record." *Id.* at 1202 (citations omitted). Even if the treating physician's opinion is controverted by other medical evidence, it is still entitled to deference, and should be weighed under the guidelines set forth in the applicable regulations. *Id.; see* 20 C.F.R. § 416.927. Here, the treating physician's assessment of Sorn's mental condition in November 2000 was controverted only as to the duration of Sorn's disability, and his September 2001 assessment was not controverted at all.

The only plausible reason the ALJ gave for rejecting the treating physician's opinion was that the treating physician relied on Sorn's own subjective complaints, which the ALJ found not credible. However, the record does not support the ALJ's credibility finding. Although credibility determinations are the province of the Commissioner, they must have some basis in logic and the record. "An adjudicator may . . . use 'ordinary techniques of credibility evaluation' to test a claimant's credibility. So long as the adjudicator makes specific findings that are supported by the record, the adjudicator may discredit the claimant's allegations based on inconsistencies in the testimony or on relevant character evidence." *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir.1991) (citations omitted). We have even said that "an ALJ cannot reject a claimant's testimony without giving clear and convincing reasons." *Holohan*, 246 F.3d at 1208.

The ALJ found that Sorn had falsely testified that she was entirely "unable to communicate in English"; Sorn in fact testified that she knew "a little bit" of English. The ALJ also discredited Sorn's testimony because he found that she had filed for benefits around the same time as her husband, and because she first sought mental health treatment just as she filed for benefits, stating that "[t]his chronology . . . suggests the possibility of attempting to establish a record for secondary gain rather than for treatment of genuine medical conditions." However, the record does not indicate that Sorn and her husband filed for disability benefits around the same time, and Sorn's simultaneous pursuit of mental health treatment and SSI benefits is also not a reasonable basis for discrediting her mental problems.

Given the lingering social stigma of admitting to mental illness, Sorn's explanation to her health care providers that she tried to put off seeking help as long as possible, out of shame—which the ALJ

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

completely ignores—is entirely plausible. Sorn's history of severe trauma at the hands of the Khmer Rouge, and her related paranoia and social limitations, as well as her economic straits, also help explain her hesitation in seeking both medical care and social security benefits.

Sheer speculation unsupported by the record, and distortions of a claimant's testimony, are not a reasonable foundation for an adverse credibility finding. Because the ALJ's rejection of Sorn's treating physician's opinions as to her mental impairments was improper, so was his reliance on a vocational hypothetical that did not consider those impairments. When the vocational expert gave an opinion based on the limitations found by Sorn's treating physician, he concluded that Sorn was disabled.

"The decision whether to remand for further proceedings or for an award of benefits is within our discretion." *Id.* at 1210. Where the record is fully developed and would clearly require the ALJ to award benefits on remand, remand is unnecessary. *Id.*

The ALJ's reasons for rejecting Sorn's claim were flawed, and the record established through December 2001 does not suggest any more legitimate reason for denying Sorn's claim. Therefore, we remand this case to the district court with instructions to remand to the ALJ for an award of benefits.

**REVERSED and REMANDED WITH INSTRUCTIONS.**

WALLACE, Circuit Judge, dissenting in part.

I agree with the majority that the judgment of the district court must be reversed. I respectfully dissent, however, from the majority's decision to award benefits to the petitioner outright. The ma-

jority's decision "is still another example of this court's insistence that it be the ultimate trier of fact in social security disability cases." *Holohan v. Massanari,* 246 F.3d 1195, 1211 (9th Cir.2001) (Fernandez, J., dissenting in part).

When a court of appeals reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). This circuit has chosen to expand this "rare circumstances" direction, and held that a remand awarding social security benefits can be appropriate, apparently regardless if rarely applied, where "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir.2004) (citations omitted). Even these expanded criteria are not met in the case at hand.

In my view, there are several issues that should be clarified on remand before benefits are awarded. My first area of concern is with Sorn's treating physician's medical report dating from 2000, which appears to have been filled out jointly by the physician and by a clinical social worker who had given Sorn therapy. While the Commissioner is obliged to give deference to the opinion of a treating physician, *see Holohan,* 246 F.3d at 1202–03, the Commissioner is allowed "to accord opinions from other sources less weight than opinions from acceptable medical sources." *Gomez v. Chater,* 74 F.3d 967, 970–71 (9th Cir.1996). Social workers are listed as "other sources" by the Code of Federal Regulations. *See* 20 C.F.R.

§ 416.913(d)(3). Thus, I would remand to allow fact-finding as to how much of the medical report was the work product of the physician and how much was the work product of the social worker.

Secondly, Sorn seemed to be improving at the time of the administrative ruling. In 2001, the social worker himself indicated that Sorn "had accomplished all that she had in mind to accomplish in psychotherapy," and there had been "a decrease in the level of depression and in the level of confusion and an increase in her ability to remember and to understand and respond to conversation." I would remand to allow the administrative judge to examine whether Sorn had improved further in the five years that have elapsed since the last medical report in the record.

Finally, "[i]n cases where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits." *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir.2000). Although we have awarded benefits rather than remanding for further proceedings "in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," *Benecke*, 379 F.3d at 595, this is not such a case. I would allow the vocational expert to consider Sorn's mental impairment before determining whether she is capable of work. I conclude that the ruling of the majority is in conflict with *Benecke*.

"[I]t is one thing to find error; it is quite another to decide that the trier of fact, the expert agency, and the district court have perceptions of the record so inferior to ours that benefits must be ordered with no further ado." *Holohan*, 246 F.3d at 1211 (Fernandez, J., dissenting).

We should let the agency decide any outstanding issues in the first instance. *See Ventura*, 537 U.S. at 16, 123 S.Ct. 353. Accordingly, I respectfully dissent from the part of the majority ruling that remands for an award of benefits.