**Susan YANG, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant—Appellee.**

No. 06–16812.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2008.*

Filed June 2, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Federal Rules of Appellate Procedure 34(a)(2).

Mark Ross Caldwell, Esq., Caldwell & Ober, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, Jean M. Turk, Esq., SSA—Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HUG and N.R. SMITH, Circuit Judges, and MILLS,** District Judge.

## MEMORANDUM ***

Claimant Susan Yang ("Yang") appeals the district court's decision to remand her claim for disability insurance benefits to the Administrative Law Judge ("ALJ") for further proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Harman v. Apfel,* 211 F.3d 1172, 1176–78 (9th Cir.2000), and we reverse and remand for the entry of benefits.

At a hearing before the ALJ, a vocational expert ("VE") opined that if the testimony of either Yang or her doctor were credited, then Yang would qualify as disabled. The ALJ, however, rejected both sources of testimony and determined that Yang was not disabled because she re-tained the capacity to perform work that existed in the national economy. On appeal, the district court found that the ALJ's rejection of the testimony of Yang and her doctor was improper and remanded for further proceedings. Yang now appeals the remand order, contending that the remand should be for an award of benefits.

Courts credit improperly rejected evidence and remand for benefits when: " '(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved ..., and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.' " *Id.* at 1178 (quoting *Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir.1996)).

Neither party disputes that the ALJ improperly rejected pertinent testimony. The sole remaining issue is whether Yang possesses the residual functional capacity to perform work in the national economy. The Commissioner argues that a remand for further proceedings is needed to clarify an ambiguity in a question posed to the VE about Yang's doctor's testimony. Such clarification is unnecessary, however, in light of the VE's unambiguous conclusion that Yang's own testimony demonstrates an inability to perform jobs in the national economy. The record establishes that the improperly rejected evidence, when credited, shows that Yang was disabled. *See Lingenfelter v. Astrue,* 504 F.3d 1028, 1041 (9th Cir.2007). The improperly rejected evidence should therefore be credited, and this case remanded for an immediate award of benefits. *See Harman,* 211 F.3d at 1178. As such, the district court abused its discretion in remanding for further pro-

---

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ceedings. *See Benecke v. Barnhart,* 379 F.3d 587, 594–96 (9th Cir.2004).

**REVERSED AND REMANDED FOR A DETERMINATION OF BENEFITS.**