**Anne DELANEY, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant— Appellee.**

**No. 07–15766.**

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2008.*

Filed June 18, 2008.

Crisostomo G. Ibarra, Esq., Gener D. Benitez, Esq., Law Office of Crisostomo G. Ibarra, San Francisco, CA, Ralph Wilborn, Esq., West Linn, OR, for Plaintiff–Appellant.

Sara Winslow, Esq., Office of the U.S. Attorney, Leo Rufino Montenegro, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Before: TASHIMA and GRABER, Circuit Judges, and TIMLIN,** District Judge.

### MEMORANDUM ***

Anne Delaney appeals the district court's order remanding her application for Social Security disability benefits to the Commissioner of Social Security for further consideration.[1] She contends we should reverse the district court's order and direct that her application for benefits be granted. We review for abuse of discretion the district court's decision to remand for further proceedings, *Harman v. Apfel,* 211 F.3d 1172, 1177–78 (9th Cir. 2000), and reverse.

This court will remand for an immediate payment of benefits if "(1) the ALJ has failed to provide legally sufficient reasons for rejecting [a medical opinion], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id.* Here, the district court correctly found, and the Commissioner concedes, that the ALJ failed adequately to consider the opinion of an examining psychiatrist, Dr. Karalis. The ALJ's hypothetical questions to the vocational ex-

pert ("VE")failed to set out all the limitations and restrictions applicable to Delaney. *See Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988).

The record indicates that Delaney became disabled in 1993 and has been seeking benefits since 1994. She has undergone numerous examinations and appeared for administrative hearings in 1995, 2001, and 2002. Her prior appeal to this court resulted in a remand for further proceedings. Our review of the record indicates that Delaney is entitled to benefits as a matter of law and that further proceedings are unnecessary. *See Benecke v. Barnhart,* 379 F.3d 587, 593–94 (9th Cir.2004).

The government's primary argument why a remand is required is so that a VE is given the opportunity to review the functional limitations listed by Dr. Karalis. At the hearing before the ALJ on October 1, 2002, however, the VE was asked by Delaney's counsel about those limitations and agreed that they would be major problems.[2] Thus, the limitations have already been presented to a VE who has responded to them.

Accordingly, we reverse the judgment of the district court and remand with instructions to remand to the Commissioner of Social Security for an award of benefits.

**REVERSED and REMANDED.**

---

** The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. This case, which has been pending for more than 14 years since Delaney first applied for Social Security benefits, already has been remanded once by this court, *see Delaney v. Apfel,* 1999 WL 435802 (9th Cir.1999), and twice by the Social Security Appeals Council for further administrative hearings.

2. For example, when asked about someone who had a poor ability to follow work rules, the VE answered: "Well, I suppose if, if they can't follow the rules of the employer, they would have a difficult time keeping a job." Asked next about "the poor use of judgment," the VE answered: "Same, same response."