
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO SANCHEZ, | No. 08-17272 |
| Plaintiff-Appellant, | D.C. No. 4:05-CV-00583-RCC |
| v. | MEMORANDUM [*] |
| CLARENCE DUPNIK, Pima County Sheriff, KARL J. WOOLRIDGE, JANE DOE DOYLE, DONALD DOYLE, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona,
Raner C. Collins, District Judge, Presiding

Argued and Submitted December 11, 2009
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Barbara M.G. Lynn, U.S. District Judge for the Northern District of Texas, sitting by designation.

Before: SCHROEDER and CALLAHAN, Circuit Judges, and LYNN,[**] District Judge.

Appellant Francisco Sanchez appeals the district court's judgment, after a jury trial, based on the verdict that Appellees Woolridge and Doyle, deputy sheriffs in the Pima County Sheriff's Department, were entitled to qualified immunity on a claim for excessive force asserted under 42 U.S.C. § 1983. This court has jurisdiction under 28 U.S.C. § 1291. Appellant complains of the district court's rulings on discovery issues and on the admission of evidence. We review those rulings for abuse of discretion. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004); *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (en banc).

I.

The district court did not abuse its discretion by not reopening discovery to allow Sanchez to designate a new expert witness. Sanchez did not show substantial justification for his failure to timely disclose an expert, nor did he demonstrate that there would be no harm to the Defendants from the late designation. *See* Fed. R. Civ. P. 37(c)(1). Sanchez did not disclose an expert by the court-ordered August 9, 2006 deadline nor by the stipulated April 1, 2007

2

deadline, established by agreement in light of the death of Sanchez's original expert. The Rule 16 Scheduling Order had set the deadline for pretrial motions, and the disruption to the court's and the opposing parties' schedules, which would occur by lifting the deadlines, was not harmless, although the trial date was months away. *See generally Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). The fact that Sanchez's prior counsel was dilatory in identifying a new expert does not show substantial justification. We cannot say that the district court abused its discretion in adhering to the deadlines in place.

## II.

The district court acted within its discretion by denying Sanchez's request to call the opposing party's expert as his own expert during his case-in-chief. Sanchez failed to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2) and requested to call his opponent's expert only fifteen days before trial. Although some courts have held that once a witness is designated as an expert, he or she may be called by the opposing party, although not designated by that party, those decisions did not address the issue of whether a district court abuses its discretion by denying a request to call an opponent's expert. *See, e.g., Nat'l R.R. Passenger Corp. v. Certain Temp. Easements*, 357 F.3d 36, 42 (1st Cir. 2004); *Kerns v. Pro-Foam of South Alabama, Inc.*, 572 F. Supp. 2d 1303, 1305, 1308-10

(S.D. Ala. 2007).  At the time of the request, Sanchez's counsel stated that "I don't know that it adds one way or another" to call opponent's expert, but noted that "[i]t looks weird that we don't have an expert . . . ."  Sanchez was permitted to fully cross-examine his opponent's expert during trial. The district court properly could have concluded that the flimsy reasons for altering the order of presentation of evidence so soon before trial were outweighed by the risk of unfair surprise and prejudice to Defendants' anticipated presentation of their case.  Accordingly, the district court's decision did not lie "beyond the pale of reasonable justification under the circumstances."  *See Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000).

### III.

The district court did not abuse its discretion by excluding evidence of Sanchez's acquittal on the charges arising out of his arrest.  Sanchez offered the acquittal as relevant to the arresting officers' state of mind.  Since state of mind is legally irrelevant to a claim of excessive force, which is analyzed for objective reasonableness, the district court was within its discretion to exclude evidence of Sanchez's acquittal.  *See generally Graham v. Connor*, 490 U.S. 386, 391-92, 397-99 (1981).

**AFFIRMED**.