
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE MARIE BEHLING, | No. 12-16921 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00954-JAT |
| v. | |
| CAROLYN W. COLVIN, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Submitted February 13, 2015[**]
San Francisco California

Before: NOONAN and SILVERMAN, Circuit Judges, and GARBIS, Senior
District Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

Appellant Jane Marie Behling ("Behling") appeals the district court's decision remanding the case for further proceedings. Behling contends that the district court erred when it declined to remand the case for an award of disability benefits based on there being no outstanding issues to be resolved upon a review of the record under the "credit-as-true" rule, which was reaffirmed in *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014). Reviewing the district court's decision for abuse of discretion, *Harman v. Apfel*, 211 F.3d 1172, 1173 (9th Cir. 2000), we reverse and remand to the district court with instructions to remand to the ALJ for an award of benefits.

As articulated in *Garrison*, the credit-as-true rule can be applied when three conditions are met:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;
>
> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and
>
> (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

2

*Id.* at 1020. However, there is flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

Here, all three requirements of the credit-as-true rule are satisfied. First, there is no need to develop the record or convene further proceedings. Although the ALJ did not do a function-by-function analysis, it does not necessarily require remand for further proceedings to make a Residual Functional Capacity ("RFC") determination. *See id.* at 1021 n.28 ("In no prior credit-as-true case have we suggested that an award of benefits is proper only if the ALJ made a formal RFC finding . . . ."). Based on the vocational expert's hearing testimony, who responded that a person with Behling's limitations would be precluded from sustained work activity, there is substantial evidence to support a conclusion that further proceedings are not required to determine Behling's RFC.

Second, the ALJ failed to provide legally sufficient reasons for discrediting Behling's own testimony or that of her examining physician, Dr. Schultz.[1] The ALJ did not find any evidence of malingering but discredited Behling's statements

---

[1] Behling also contended that the ALJ failed to give substantial weight to her treating physician Dr. Stout's opinion. Although the ALJ did not reference a contradictory medical opinion, he did provide specific reasons for giving Dr. Stout's opinion little weight.

3

as inconsistent with the ALJ's own assessment. The ALJ's explanation was not sufficiently specific, and failed to provide specific, clear and convincing reasons for rejecting her testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. Dec. 31, 2014) (affirming that an ALJ must provide "specific, clear, and convincing reasons" for rejecting a claimant's testimony, unless there is evidence of malingering).[2] In giving little weight to the examining neuropsychologist Dr. Shultz's opinion, the ALJ offered no contradictory medical opinion, but presumed that Dr. Shultz relied too heavily on Behling's subjective complaints.

The ALJ did accept the examining psychologist Dr. Geary's opinion but seems to have overlooked the fact that the limitations Dr. Geary identified were found by the vocational expert to render Behling disabled. The ALJ also provided greater weight to nonexamining physician Dr. Dalton over the treating and examining physicians' assessments, although it was based only on a review of Dr. Geary's report. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Ryan v. Comm'r of Soc. Sec.*, 528

---

[2] In fairness to the district court, we note that *Burrell* was decided after the district court ruled in this case.

F.3d 1194, 1202 (9th Cir. 2008) (quoting *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995), *as amended* (Apr. 9, 1996)).

Third, if the medical opinions are given their appropriate weighting, and if Behling's own testimony and the medical opinions are properly credited-as-true, then in light of the vocational expert's testimony, the ALJ would be required to make a finding that Behling was disabled on remand.

Finally, there is nothing in the record as a whole that creates serious doubt about whether Behling is, in fact, disabled, within the meaning of the Social Security Act.

Accordingly, the Court remands for a calculation and award of benefits.

**REVERSED** and **REMANDED**.