**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LAWRENCE BENNETT, | No. 16-35754 |
| Plaintiff-Appellant, | D.C. No. 1:15-CV-03065-MKD |
| v. | |
| NANCY A. BERRYHILL, Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, United States Magistrate Judge, Presiding

Submitted March 23, 2018**

Before:     FARRIS, CANBY and LEAVY, Circuit Judges.

Lawrence Bennett appeals from the district court's judgment reversing and

remanding for further proceedings, rather than immediate payment of benefits, the

decision of the Commissioner of Social Security denying his application for

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's decision to remand for further proceedings rather than immediate payment of benefits. *See Harman v. Apfel*, 211 F.3d 1172, 1173 (9th Cir. 2000). We reverse and remand for immediate payment of benefits because the three prongs of the credit-as-true rule are satisfied and the record does not raise any serious doubt that Bennett is disabled.

Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, we remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, this Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Here, the first prong of the credit-as-true rule is satisfied because the record is fully developed and there is no indication that further proceedings would serve a

2

useful purpose. This district court remanded this case to the agency for further proceedings once before, and three administrative hearings have been held. The record contains ample testimony from Bennett and several opinions from Bennett's treating physicians, as well as testimony from two non-examining medical experts, Drs. Asher and DeBolt. In remanding for further proceedings once again, the district court did not express any need for the ALJ to develop the record, resolve conflicts or ambiguities, or consider additional evidence. Although the Commissioner asserts that further proceedings are necessary to address conflicting and ambiguous evidence concerning Bennett's disability onset date, the Commissioner's assertion is unconvincing because the evidence to which the Commissioner cites is not conflicting or ambiguous, or the ALJ already addressed it and the Commissioner fails to identify any benefit in allowing the ALJ to revisit it on remand. *See Garrison*, 759 F.3d at 1021 (holding that the district court abused its discretion in remanding for further proceedings rather than immediate payment of benefits because remand to allow ALJ a "mulligan" does not qualify as a "useful purpose" under first prong of credit-as-true rule).

The second prong of the credit-as-true rule is satisfied because, as the district court correctly determined, the ALJ failed to articulate specific, clear, and convincing reasons for discounting Bennett's testimony and improperly rejected or

3

ignored testimony from Drs. Asher and DeBolt and the opinions of Bennett's treating physicians, including Drs. Dubek and Calayan.

The third prong of the credit-as-true rule is satisfied because the ALJ would have to find Bennett disabled on remand if Bennett's testimony, Dr. Asher's testimony, Dr. DeBolt's testimony, or the opinions of Drs. Dubek or Calayan were credited as true, given that each indicates that Bennett was disabled during the relevant period from March 1, 1997, through June 30, 2002.

Finally, the record does not raise any serious doubt that Bennett was disabled during the relevant period, and the Commissioner fails to offer any persuasive argument to the contrary. *See id.* at 1022-23.

Because the three prongs of the credit-as-true rule are satisfied and the record does not raise any serious doubt that Bennett was disabled during the relevant period, the district court erred by not remanding this case for immediate payment of benefits. Accordingly, we reverse the district court's order with instructions to remand this case to the agency for immediate payment of benefits. *See id*. at 1023.[1]

**REVERSED in part and REMANDED.**

---

[1] Bennett's arguments to the district court sufficed to raise the question whether remand should direct the crediting of favorable testimony and an award of benefits. There was no waiver of this issue.