**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAMELA MILLER, | No. 17-35586 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00876-SB |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Submitted July 11, 2018**
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and LEFKOW,*** District
Judge.

Pamela Miller appeals from the district court's judgment affirming the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Joan Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

Social Security Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act. We review the district court's decision de novo, and the Commissioner's denial of benefits must be supported by substantial evidence and a correct application of the law. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). As the parties are familiar with the facts, we do not recount them here. We reverse and remand.

1.	The Administrative Law Judge ("ALJ") erred in rejecting Miller's symptom testimony. The ALJ found Miller's testimony inconsistent with her daily activities, conservative treatment, and treatment records, and that Miller was not always compliant with her treatment plan. In reaching his conclusion, however, the ALJ cherry-picked portions of the record, rather than viewing the diagnostic record as a whole. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (stating that doctor's "statements must be read in context of the overall diagnostic picture"). Miller's testimony was not inconsistent with her minimal daily activities; her conservative treatment was due, at least in part, to the fact that she could not afford indicated workups; and the ALJ ignored portions of the treatment records and notes on Miller's compliance with her treatment plan that were not favorable to his conclusion. Because the ALJ failed to present "clear and convincing" reasons for rejecting Miller's testimony, *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), we find error.

2. The ALJ also erred in rejecting the opinion of Miller's treating physician, Dr. James Calvert. Dr. Calvert concluded that Miller was unable to perform light or sedentary work or complete a normal workday and workweek without interruptions from medically based symptoms. The ALJ gave "little weight" to Dr. Calvert's opinion because the ALJ found it was (a) inconsistent with Dr. Calvert's treatment records; (b) largely premised on Miller's reports, which the ALJ found less than credible; and (c) inconsistent with the opinions of two non-examining physicians. Yet, Dr. Calvert's diagnosis of chronic fatigue syndrome, for example, was consistent with the criteria set out in Social Security Ruling 14-1p. The ALJ again relied on isolated statements from the treatment records to conclude that Dr. Calvert's opinion was inconsistent with his records. He also improperly discredited Miller's reports to Dr. Calvert after failing to present clear and convincing reasons for rejecting her testimony, and he improperly gave greater weight to the opinions of non-examining physicians without giving "specific and legitimate reasons" supported by "substantial evidence." *See Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017). We thus find error.

3. The ALJ further erred in rejecting Miller's husband's adult function report. The ALJ again relied on cherry-picked portions of the medical records to conclude that Mr. Miller's adult function report was inconsistent with Miller's

3

"generally normal physical examinations and overall mild findings." Although the ALJ provided a "specific reason[] germane to [this] witness" for not considering his opinions, *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298 (9th Cir. 1999), this reason was flawed given the failure to fully consider Dr. Calvert's medical opinion.

4.    The ALJ's determination that Miller could perform her past relevant work as an office manager (from which she had been terminated for inability to attend and perform her work) was not supported by substantial evidence and was thus not harmless error. *See Molina*, 674 F.3d at 1110; *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). The hypotheticals the ALJ posed to the vocational expert ("VE") failed to set out all credible limitations and restrictions pertaining to Miller, as required. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). Because the ALJ improperly rejected Miller's testimony, Dr. Calvert's opinion, and Mr. Miller's statement, he did not pose hypotheticals to the VE that set out all Miller's limitations and restrictions. Indeed, when the ALJ presented a hypothetical close to Miller's limitations, the VE concluded that an individual with such restrictions could not be gainfully employed.

5.    Finally, Miller argues that we should direct an award of benefits on remand. But because the ALJ failed to consider relevant testimony and evidence

4

and subsequently failed to ask the VE hypotheticals setting out all of Miller's limitations and restrictions, enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178–81 (9th Cir. 2000). Remand for further proceedings, rather than an award of benefits, is thus appropriate.

Accordingly, we reverse and remand to the district court with instructions to remand to the Social Security Administration for further proceedings consistent with this disposition.

**REVERSED AND REMANDED WITH INSTRUCTION TO REMAND TO COMMISSIONER.**