**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN PENOZA, | No.   17-35521 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01825-RAJ |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted August 29, 2018
Seattle, Washington

Before:  HAWKINS, McKEOWN, and W. FLETCHER, Circuit Judges.

Karen Penoza appeals the district court's denial of her request that the

district court order the recusal of her Social Security Administrative Law Judge

("ALJ") Ilene Sloan.  We have jurisdiction under 28 U.S.C. § 1291.  We review the

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

district court's denial for abuse of discretion. *Harman v. Apfel*, 211 F.3d 1172, 1173 (9th Cir. 2000). We affirm.

On May 31, 2012, Penoza filed an application for Social Security Disability Insurance Benefits ("SSDI"), and on August 20, 2013 she filed an application for Supplemental Security Income Benefits ("SSI"). Both applications were denied. Penoza requested a hearing for reconsideration and on August 29, 2013, Penoza submitted materials to ALJ Sloan, including past decisions allegedly showing ALJ Sloan's bias against Penoza and similar claimants. ALJ Sloan denied Penoza's request for recusal and again denied SSDI and SSI benefits. Penoza appealed ALJ Sloan's decision to the Appeals Council ("AC"). The AC denied Penoza's request for review and rejected Penoza's bias-based recusal argument. Penoza sought judicial review of the ALJ's determination. The district court reversed the ALJ's denial of benefits, but denied Penoza's request to order the Commissioner to reassign her case to a different ALJ.

Penoza argues that the district court abused its discretion in denying her request for a reassignment order. We disagree. "ALJs and other similar quasi-judicial administrative officers are presumed to be unbiased." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citation and quotation marks omitted). "This presumption can be rebutted by a showing of conflict of interest or some other

specific reason for disqualification." *Id.* at 857-58 (citations and quotation marks omitted). Penoza failed to show that ALJ Sloan was biased. Penoza offered 84 of ALJ Sloan's decisions on other claimants' social security disability applications, but she did not explain how these cases were selected, and the district court correctly concluded that these cases could not be relied on to establish bias. See 42 U.S.C. § 405(g) (allowing reviewing courts to consider extra-record evidence for its materiality).

Penoza also argues that the procedures of the Social Security Administration ("SSA") for addressing general bias claims are inconsistent with due process and SSA regulations. SSA regulations allow the AC to consider claims that an ALJ should have recused herself from a case in which she "was prejudiced or partial with respect to a particular claim or claimant, or had an interest in the matter pending for decision[.]" SSR 13-1p, 78 Fed. Reg. at 6170. The SSA's Division of Quality Service ("DQS") is responsible for reviewing and investigating allegations "that an ALJ shows 'general bias' or a pattern of bias or misconduct against a group or particular category of claimants." SSR 13-1p, 78 Fed. Reg. at 6170. This procedure is not inconsistent with SSA regulations and the Due Process Clause of the Fifth Amendment. Penoza was allowed to pursue her individualized recusal claim before the AC and district court, and any claim of general bias could proceed

within the DQS.  SSR 13-1p did not deny Penoza due process, and it is fully consistent with the SSA's regulations.

**AFFIRMED.**

*Penoza v. Berryhill,* 17-35521

Hawkins, Circuit Judge, concurring in part and dissenting in part.

Penoza's counsel, who has made something of a tradecraft in attacking ALJs who disagree with the claims of his clients, has failed to show, either before the agency or the district court, that ALJ Sloan was biased. The memorandum quite properly affirms the district court both on the merits of Penoza's claim and its refusal to direct the Commissioner to assign the proceedings on remand to a different ALJ. Given that, addressing whether the agency's procedures for dealing with general bias claims are inconsistent with due process and the agency's regulations, as the memorandum does in its last paragraph, seems unnecessary. I would wait for a case that puts that issue squarely in front of us.