**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE WATSON, | No. 17-17515 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-04054-NC |
| v. | |
| CITY OF SAN JOSE (SAN JOSE POLICE DEPARTMENT) et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Submitted February 15, 2019**
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and EZRA,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

Appellant and San Jose Police Department officers were involved in an incident on the morning of October 1, 2014, which resulted in numerous injuries to Appellant including an open fracture of his right tibia and fibula, a severely fractured and dislocated left elbow, and "quite a number" of soft tissue injuries. Watson filed suit against the City of San Jose and individual officers Matthew Brackett, Ryan Hansen, Ronald Hughes, Christopher Heinrich, Michael Panighetti, Sgt. Joseph Stewart, Jonathan Baker, Daniel P. Guerra, Gerardo Silva, and Paul Joseph for excessive force, unreasonable search and seizure, and municipal liability for an unconstitutional custom, practice, or policy under 42 U.S.C. § 1983. Watson also brought state law claims for battery, intentional infliction of emotional distress, negligence, and negligent training.

Trial was bifurcated into separate phases for the consideration of liability and damages. The jury found for the Defendant Officers during the liability phase, so the trial did not proceed to the damages phase. Judgment was entered for the Defendants on September 20, 2017.

Appellant now appeals that judgment, arguing: (1) the district court abused its discretion in allowing officer testimony regarding prior training and experience with suspects who are under the influence of drugs; and (2) the district court violated its own pretrial ruling and abused its discretion in allowing one officer to

2

testify as to the contents of a report which indicated drug use and which was not prepared or viewed until after the incident; and that both of those errors substantially prejudiced Appellant so as to require reversal and a new trial.

A district court's decision to admit evidence is reviewed for abuse of discretion. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999); *Boyd v. City and County of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009). Under an abuse of discretion standard, the district court's decision stands unless the decision is "manifestly erroneous," *De Saracho v. Custom Food Mach.*, 206 F.3d 874, 879 (9th Cir. 2000) or "lies beyond the pale of reasonable justification under the circumstances." *Boyd*, 576 F.3d at 943 (quoting *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000)). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Admission of Officer Testimony as to Prior Training and Experience

Appellant argues that testimony as to the officers' prior training and experience with regard to subjects under the influence of drugs is irrelevant under FRE 401 and 402 and more prejudicial than probative under FRE 403, and thus that its admission was an abuse of discretion.

"[W]hen analyzing the objective reasonableness of the officers' conduct under *Graham*, we cannot consider [facts unknown to the officers at the time]."

3

*Hayes v. County of San Diego*, 736 F.3d 1223, 1232–33 (9th Cir. 2013) (citing *Graham v. Connor*, 490 U.S. 386, 396–97 (1989)). Information actually known or observed by officers at the time of the incident is relevant to the use of force calculation under *Graham*. *Id.*; *see also Diaz v. City of Anaheim*, 840 F.3d 592, 602 (9th Cir. 2016). The officer testimony to which Appellant objected at trial and that forms the basis of this appeal is testimony by the officers about their perceptions at the time of the incident and their training and experience as it related to those observations. The trial court considered these arguments twice: (1) at the motion in limine stage, when the court bifurcated the trial into liability and damages phases for fear of undue prejudice; and (2) after the pretrial conference, when the court barred evidence of drug use "unless it is information that defendant officers actually knew before or during their use of force against Watson." The testimony offered by officers here was not testimony regarding Appellant's actual intoxication, which would be impermissible under *Hayes* and *Diaz*. Rather, it was testimony regarding Mr. Watson's demeanor at the time just before and during the incident and testimony regarding how the officers had been trained to react, all of which is part of the trial court's obligation to pay "careful attention to the facts and circumstances of [the] particular case " as a part of the totality of circumstances analysis. *Graham*, 490 U.S. at 396. The trial court's decision to allow officer

4

testimony as to observations at the time of the incident and the training and experience which informed their reactions to those observations did not "lie[] beyond the pale of reasonable justification under the circumstances" and was not an abuse of discretion. *Boyd*, 576 F.3d at 943 (quoting *Harman*, 211 F.3d at 1175). Further, as the admission of the testimony was not an abuse of discretion, Appellant has failed to show that there was an error that was prejudicial or that "more probably than not" affected the verdict. *Id.* (quoting *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003)).

<u>Admission of the Contents of a Report Prepared After the Incident</u>

Appellant also argues that the trial court's admission of officer testimony regarding the contents of a report prepared after the incident was an abuse of discretion, and that the inclusion of that evidence substantially prejudiced Appellant so as to require reversal and a new trial.

The testimony to which Appellant objects was elicited by Appellant's own counsel on cross-examination. During the colloquy, Appellant's trial counsel attempted to impeach the officer's prior statement that Appellant had been behaving erratically and had appeared "sweaty and possibly. . . under the influence" by insinuating that such observations were not included in the police report. The officer responded that he had included that information in his

5

supplemental report by "check[ing] the box" and writing "chemical under the influence." The supplemental report was prepared after the incident. Therefore, Appellant argues that the inclusion of the officer's testimony without any kind of limiting instruction was in error, and that the error caused him substantial prejudice.

Without deciding whether this was an abuse of discretion, we do not find that this testimony was prejudicial to Appellant or that it more likely than not affected the verdict. *See McEuin*, 328 F.3d at 1032. The vast majority of testimony at the trial was not focused on the issue of drug use at all. Rather, it centered around discrepancies between Appellant's and the officers' accounts of the incident. The defense did not rely on the reports nor on any of the officers' testimony regarding drug use in its closing. In fact, the defense chose not to summarize their witness testimony in closing at all, focusing instead on the Appellant's burden of proof. Unlike the case upon which Appellant relies, *Estate of Diaz v. City of Anaheim*, where improper drug use evidence was presented by an expert and liability was not bifurcated from damages, 840 F.3d. at 602–03, 606, the allegedly improper evidence here was a single witness' testimony on cross-examination by Appellant's own attorney. Therefore, the admission of the later-completed report was not prejudicial, nor did it more probably than not "taint" the

6

verdict. *McEuin,* 328 F.3d at 1032; *see also United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc).

For the reasons stated above, we **AFFIRM** the Judgment of the District Court.

**AFFIRMED.**