NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OTR WHEEL ENGINEERING, INC.; Blacksmith OTR, LLC; F.B.T. Enterprises, Inc., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> WEST WORLDWIDE SERVICES, INC.; Samuel J. West, individually, and his marital community; SSL Holdings, Inc.; SSL China, LLC; and Qingdao STW Tire Co., Ltd., <br><br> Defendants-Appellees. | No. 19-35292 <br><br> D.C. No. 2:14-cv-00085-LRS <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny Suko, District Judge, Presiding

Submitted August 10, 2020**
Anchorage, Alaska

Before: RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.

OTR Wheel Engineering, Inc. ("OTR") appeals the district court's denial of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

its request for a permanent injunction against West Worldwide Services, Inc. ("West"). We will not reverse the district court's determination unless it abused its discretion. *See Or. Coast Scenic R.R., LLC v. Or. Dep't of State Lands*, 841 F.3d 1069, 1072 (9th Cir. 2016). We have jurisdiction under 28 U.S.C. § 1292. Because the district court's decision was not based "on an erroneous legal standard or clearly erroneous finding of fact," *id.* (citation omitted), we affirm.

The district court did not abuse its discretion in finding that OTR has not shown irreparable injury that cannot be redressed with damages. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (plaintiffs seeking a permanent injunction must satisfy a four-factor test, the first two factors being: (1) "that it has suffered an irreparable injury"; and (2) "that remedies available at law, such as monetary damages, are inadequate to compensate for that injury"); *see also City and County of San Francisco v. Trump*, 897 F.3d 1225, 1243 (9th Cir. 2018) (combining the first and second *eBay* factors into one analysis, inquiring whether the plaintiff "is likely to suffer irreparable injury that cannot be redressed by an award of damages").

First, the district court did not err in finding that West's "Extremelift"-branded production tires were not tortiously obtained. Unlike the initial tires sought by West for testing by Genie Industries ("Genie") for purposes of obtaining Genie's business, the Extremelift tires were not made in OTR's "Outrigger" mold.

2

Any non-competition agreement between Superhawk, the tire manufacturer, and Solideal, OTR's business partner, only prevented Superhawk from manufacturing the *Outrigger* tire for anyone else. Accordingly, while the test tires were clearly tortiously obtained, the Extremelift tires were not.

Second, the district court did not err in determining that West's reverse passing off OTR's tires, in violation of the Lanham Act, was fully remedied by the jury's damages award, and that there was no continuing injury to OTR from West's Extremelift tires still in inventory. In making this finding, the district court correctly noted that the tortious interference and Washington Consumer Protection Act ("WCPA") verdicts did not stem from an injury to OTR independent of the reverse passing off. Indeed, we previously noted that the reverse passing off could have supported the jury's verdict in favor of OTR on its WCPA claim, *OTR Wheel Eng'g, Inc. v. West Worldwide Servs., Inc.*, 743 F. App'x 771, 775 (9th Cir. 2018), and the tortious interference claims related to the non-compete agreement, which only prohibited Superhawk from making the Outrigger tire for anyone but Solideal. Because of this, "[w]hat was tortiously obtained by West . . . were not the 'Extremelift' production tires themselves, but Genie's business for a period of time." That period of time has ended, as evidenced by the jury's award of only partial damages for the sales of Extremelift tires before the preliminary injunction was entered. *See OTR Wheel Eng'g*, 743 F. App'x at 776 ("[B]y awarding only

3

part of the damages calculated by the OTR expert, the jury indicated that further damages are not being suffered."). Furthermore, Genie now knows of West's reverse passing off, and any future purchases of the Extremelift production tires by Genie will be "despite, not because of, the reverse passing off." Accordingly, the district court did not err in determining that OTR was fully remedied by the jury's damages award, and that there is no continuing injury to OTR resulting from West's reverse passing off.

Third, there is no "cognizable danger of recurrent violation" such that the requested injunctive relief is warranted. *United States v. Laerdal Mfg. Corp.*, 73 F.3d 852, 854 (9th Cir. 1995) (citation omitted). Importantly, the district court correctly found that OTR has "not proven a real and immediate threat of future false designation of origin by West." *Cf. City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." (alteration omitted) (internal quotation marks and citation omitted)). Any scienter on West's part does not outweigh this finding, because despite the "egregiousness" of West's misconduct, the fact remains that West did not tortiously obtain the production tires at the center of OTR's requested permanent injunction. *See Laerdal Mfg. Corp.*, 73 F.3d at 855 (courts may consider "the degree of scienter involved" in determining whether there is a

"cognizable danger of recurrent violations" (citations omitted)).  Moreover, an injunction is not warranted to protect OTR from having to file hypothetical future lawsuits, especially in light of the fact that OTR has not shown a real danger of future misconduct by West.

In sum, the district court correctly found that OTR has not been irreparably injured by West's misconduct, and that any injuries OTR suffered were adequately remedied by the jury's damages award.  To be sure, the district court's findings are not "beyond the pale of reasonable justification[.]" *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000).  Because the district court did not abuse its discretion, we affirm the district court's denial of OTR's request for a permanent injunction.[1]

**AFFIRMED**

---

[1] Because the district court determined that OTR did not suffer irreparable injury and was adequately compensated with damages, it noted there was no need to discuss the remaining *eBay* factors.  We also need not reach the remaining injunctive factors.  *See American-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1066–67 (9th Cir. 1995) (noting that a "likelihood of substantial and immediate irreparable injury" that is inadequately compensated with remedies at law is *required* for a permanent injunction (citation omitted)).