**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT J. PLATEK,

          Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

          Defendant-Appellee.

No.   21-16296

D.C. No. 2:20-cv-01161-MTL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted June 13, 2022[**]
San Francisco, California

Before:  BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

This single-issue appeal concerns whether the district court abused its

discretion in remanding the case to the Commissioner for further proceedings.

Both parties agree that the Social Security Administration's Administrative Law

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Judge (ALJ) erred. They only disagree over the proper remedy. The district court concluded that, in light of disagreements and inconsistencies regarding the medical evidence, the case should be remanded to the Agency for further proceedings. Platek appeals the district court's decision. We affirm.

The ALJ conducted the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 and determined that Platek was not disabled. The Commissioner has conceded error in this analysis—the ALJ did not sufficiently discuss or analyze Platek's spinal impairment at step three of the evaluation process. The district court remanded this case for further proceedings to determine whether Platek met or equaled Listing 1.04 and address contradictory evidence in the record. Platek argues that the district court erred in failing to apply the credit-as-true rule and remanding for an immediate award of benefits. We "review the district court's decision to remand for further proceedings or to direct a payment of benefits for an abuse of discretion." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). We conclude that the district court did not abuse its discretion.

"[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.* at 1099 (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Remanding for the

2

immediate award of benefits only takes place "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989)). Specifically, we have held that such a remand may happen when the following three factors are satisfied:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). As the district court explained, "the State agency consultants considered Listing 1.04 and found that the Listing was not met, [] while Dr. Vengurlekar opined that [Platek] had met Listing 1.04." And Dr. Vengurlekar's opinion regarding the onset of Platek's pain was inconsistent with his own treatment records, Platek's testimony, and findings from the State agency medical consultants. In light of the disagreements and inconsistencies contained in the administrative record, we cannot find that the district court's decision "lies beyond the pale of reasonable justification under the circumstances." *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000). Thus, the district court did not abuse its discretion in remanding to the Commissioner to resolve the contested issues.

3

**AFFIRMED**.