NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: JEREMY DANIEL KINTNER, | No. 22-56022 |
| Debtor, | D.C. No. 2:21-cv-03280-FWS |
| JEREMY DANIEL KINTNER, | MEMORANDUM* |
| Appellant, | |
| v. | |
| CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION, | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Argued and Submitted November 7, 2023
Pasadena, California

Before: WALLACE, W. FLETCHER, and R. NELSON, Circuit Judges.

On appeal from the bankruptcy court, the district court affirmed the

bankruptcy court's dismissal of Jeremy Kintner's Chapter 13 petition for cause

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

under 11 U.S.C. § 1307(c) based on a finding that he filed the petition in bad faith.

Kintner appealed from the district court's order. We have jurisdiction pursuant to

28 U.S.C. § 158(d). We affirm.

"When reviewing an appeal from a bankruptcy court, we independently

review the bankruptcy court's decision and do not give deference to the district

court's determinations." *In re Bunyan*, 354 F.3d 1149, 1150 (9th Cir. 2004)

(internal quotation marks omitted). "We also review the bankruptcy court's

finding of bad faith for clear error and the bankruptcy court's decision to dismiss a

case for abuse of discretion." *In re Leavitt*, 171 F.3d 1219, 1222–23 (9th Cir.

1999) (internal citations omitted).

As the parties are familiar with the factual and procedural history of this

case, we need not recount it here.[1]

Kintner argues that the bankruptcy court's finding of bad faith should be

---

[1] Also pending before us is California Department of Tax and Fee Administration's ("CDTFA") Request for Judicial Notice of nine documents stemming from related proceedings before an administrative body and the Los Angeles County Superior Court. Dkt. 14. "Under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record"). We take judicial notice of Exhibits 2 through 9 as to the existence of these records, where the documents constitute court filings. We decline to take judicial notice of Exhibit 1, which is a personal Billing and Refund Notice and not a matter of public record.

reviewed *de novo* rather than for clear error because the finding was based on an erroneous conclusion that California's "Pay First Rule," Cal. Const. art. XIII, § 32, limits a bankruptcy court's authority to assess challenged debt under 11 U.S.C. § 505. In *In re Fagerdala USA-Lompoc, Inc.*, 891 F.3d 848, 854 (9th Cir. 2018), we reasoned that *de novo* review was proper where the bankruptcy court misunderstood the good faith inquiry and only relied on two facts, neither of which—"alone or together"—were sufficient to support a finding of bad faith. Here, irrespective of whether the bankruptcy court erred in concluding that section 505 requires Kintner to comply with the Pay First Rule before challenging the state tax assessment, the bankruptcy court properly inquired whether Kintner filed his Chapter 13 petition in bad faith to avoid the Pay First Rule and state litigation. We review the bankruptcy court's factual findings for clear error.

To determine whether a debtor filed a Chapter 13 petition in bad faith, a bankruptcy court must apply the "totality of the circumstances" test, considering the following factors:

> (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present.

*In re Leavitt*, 171 F.3d at 1224 (cleaned up). Neither malice nor fraudulent intent is required for a finding of bad faith. *Id.* at 1224–25.

3

The bankruptcy court properly applied the *Leavitt* factors.  The bankruptcy court found that the first *Leavitt* factor—whether debtor has misrepresented facts in his bankruptcy papers, manipulated the Bankruptcy Code, or filed his petition in an inequitable manner—weighed against Kintner for multiple reasons.  First, the court found that Kintner failed to disclose his business's gross revenue and expenses, which bear on whether he was financially distressed.  Second, the court found that Kintner was attempting to evade the Pay First Rule without having demonstrated financial need.  Third, the court found that Kintner failed to provide for payment of the state tax assessment in his Chapter 13 plan.

Kintner argues that the court erred in finding that he omitted his business's financial information in bad faith since disclosure by a third-party corporation is not required, and, if required, was not material to his petition.  However, such argument is unpersuasive because Kintner determined his own salary or distribution from the business's operations.  *C.f.*, *In re Khan*, 846 F.3d 1058, 1066 (9th Cir. 2017) (finding bad faith in part because of petitioners' "failure and refusal to provide financial information critical to the determination of the value of their assets, and their further failure to provide information regarding the movement of funds among their various business entities").  The bankruptcy court permissibly inferred from Kintner's unwillingness to provide his business's financial information that he was "simply attempting to evade nonbankruptcy law."

Furthermore, although Kintner justifies listing the amount of the state tax assessment as zero in the Chapter 13 plan because it was disputed, the bankruptcy court did not err in finding that Kintner filed his petition in an inequitable manner on that basis.

The court found the second *Leavitt* factor—the debtor's history of filings and dismissals—inapplicable as Kintner had no prior bankruptcy filings.

The court found the third *Leavitt* factor—whether the debtor intended to use the bankruptcy filing to defeat state court litigation—satisfied because prior to filing his Chapter 13 petition, Kintner engaged in extensive but unsuccessful litigation with CDTFA and was attempting to do an "end run around that litigation."

The court found that the fourth *Leavitt* factor—whether egregious behavior is present—also weighed against Kintner.[2] The court found that Kintner's "lip service" to proving that he could not comply with the Pay First Rule, after two state court actions, showed an ongoing attempt to increase the cost of litigation for CDTFA and unnecessary delay. On appeal, Kintner doubles down, arguing the schedules he submitted to the bankruptcy court sufficiently showed his insolvency. Such argument is undermined by the bankruptcy court's admonishment of Kintner

---

[2] The bankruptcy court found that, even if the fourth *Leavitt* factor was not satisfied, the first and third factors were sufficient grounds for dismissal.

5

for failing to provide "the gross revenues, expenses, and calculation of net income of his business that he has been required to provide since the inception of this bankruptcy case" so that the court could accurately determine whether he lacked financial resources to pay the tax assessment.

In sum, there is sufficient evidence in the record from which the bankruptcy court permissibly inferred that Kintner filed his Chapter 13 petition in bad faith. *See Wash. Mut., Inc. v. United States*, 856 F.3d 711, 721 (9th Cir. 2017) ("Clear error review is deferential . . . requiring a definite and firm conviction that a mistake has been made").

Kintner argues that the bankruptcy court abused its discretion by dismissing his petition without seeking further disclosures or permitting him to amend the plan. But Kintner was on notice that his financial distress was in question, and that the bankruptcy court had asked for further information about his financial status. He "only argued without any support that he has no obligation to provide such details . . ." Moreover, the bankruptcy court did not bar Kintner from refiling his petition. Thus, the bankruptcy court did not abuse its discretion in dismissing Kintner's bankruptcy petition. *See Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000).

**AFFIRMED.**